JOHN POMROY *against* DANIEL KINGSLEY.

When an officer attaches a chattel, and leaves it in the custody of the defendant, he so far loses his lien on the property attached, that a second attachment or *bona fide* purchase shall always enure against him.

TRESPASS for breaking and entering the plaintiff's barn in *Burlington* on the 20th of *March*, 1798, and taking from thence a gelding horse of the value of 150 dollars, the property of the plaintiff.

General issue pleaded and put to the Jury.

The plaintiff shewed the property of the horse in himself by purchase from one *William Mills*, on the 10th of *January*, 1798.

The defendant confessed the taking, and justified by shewing that he was constable of *Cambridge, Franklin* County; that on the 7th of *October*, 1797, he attached the horse as the property of *William Mills*, upon a writ to him directed to serve and return in favour of *Johnson* and *Hawley*; that the horse had been eloigned from his custody, and that he recaptured him to satisfy the execution which followed the writ of attachment, and that this taking was the trespass complained of.

In the course of the trial it was conceded by the defendant, that soon after the attachment he entrusted *Mills* with the custody of the horse.

The Court now interfered, and observed, that the cause was clearly with the plaintiff.

In their charge to the Jury, they laid it down as a principle of law not to be disputed, that when an

officer attaches a chattel and leaves it in the custody of the debtor, he so far loses his lien upon the property attached, that a second attachment or *bona fide* purchase shall always enure against him.

Pomroy<br>v.<br>Kingsley.

Verdict for the plaintiff.

*Elnathan Keyes*, for plaintiff.
*Daniel Chipman*, for defendant.