WINDSOR.
*February,*
1842.

Blodgett
*v.*
Town of
Royalton.

---

### SAMUEL BLODGET *v.* TOWN OF ROYALTON.

A certificate of the selectmen, lodged with the town clerk for record, is the legitimate evidence that a road has been opened and devoted to public use.

Towns are liable for damages occasioned by the insufficiency of any highway which they adopt, either by leaving it open for travel and shutting up other highways, or by setting it in the rate bill of the highway surveyor.

An indictment against a town for not repairing a highway, and a conviction thereon, is evidence that such highway has been adopted by the town.

If such highway is insufficient, the town is responsible to individuals who may thereby sustain damages.

What constitutes an opening of a highway is a question of law, and it is error in the court to leave that question to the jury to determine, without instructing them as to the law.

The consent of the selectmen that a person may travel on any road, or their knowledge that the traveller supposes it to be a public highway, does not render a town liable for injuries happening thereon, unless they have done some act recognizing it as a public highway.

TRESPASS on the case, under the statute, to recover dam-

Windsor,
February,
1842.

Blodgett
v.
Town of
Royalton.

ages for injuries to the plaintiff's horses and carriages, which happened in consequence of the insufficiency or want of repair of a certain road in Royalton. Plea, not guilty, and trial by jury.

On the trial in the county court, the plaintiff, to show that the road in question was an open, public highway which the town of Royalton were bound to keep in repair, and that he had sustained damages from its being out of repair, introduced the following testimony:

1. A copy of a record of the supreme court in Orange county, showing a petition for a road, the appointment of commissioners to lay such road, the laying of the road by such commissioners, &c., but this copy was not certified to be a true copy of record by the clerk of said court, nor by any judge thereof, but was certified by the clerk of the county court, who, by statute, is also clerk of the supreme court.

2. Copies of the records of town meetings of the town of Royalton, legally warned, held on the 17th of May, 1836, and on the 9th day of July, 1836, relating to said road, showing that the town appointed a committee to receive bids or proposals for making the road, and to contract therefor and to accept the road if made agreeably to such contracts as they might make; that, after bids were made for making the road, the town voted to accept such bids.

3. Parol testimony, tending to show that the town had repaired the road in 1838 and 1839; that, in the fall of 1837, after the road had been accepted by the committee appointed by the town, the fences were removed so that the road could be used as a public road, and that it had been so used and travelled upon ever since November, 1837; that, in May, 1838, an old road, for which the road in question was substituted, was fenced up; but it did not appear to have been done by any authorized agent of the town, nor that such agent opened the new road.

4. Parol testimony tending to show that, at the May term of Windsor county court, 1838, an indictment was found against the town of Royalton, relating to the road in question, and a fine imposed by the court, and an agent appointed by said court to expend the fine, who afterwards did expend it in repairing said road. This testimony was admitted after

WINDSOR.
February,
1842.

Blodgett
v.
Town of
Royalton.

proof had been introduced showing that search had been made in the office of the clerk of said county court for said indictment and the records and proceedings thereon, and that the indictment could not be found, nor any record thereof, excepting the clerk's minutes on the docket of May term, 1838, showing the entry of an indictment, a continuance, and the assessment of a fine of $200, at the November term, 1838, and the appointment of an agent to expend the fine upon said road.

5. Parol testimony, tending to show that the committee, appointed by the town to contract for making said road and to accept it, when completed, procured the road to be made and accepted it, in November, 1837, soon after its completion, and that the plaintiff sustained damages from its insufficiency and want of repair in December, 1837, and in the spring of 1838.

It was admitted that no certificate, from the selectmen, of the opening of said road was ever left in the town clerk's office, in Royalton, for record.

The defendants objected to all the testimony thus offered, but the county court overruled the objections, admitted the testimony, and instructed the jury 'that if they found from 'the evidence that the plaintiff had suffered damage as al- 'leged in his declaration, in consequence of the insufficiency 'or want of repair of said road, after it had *in fact* been 'opened and travelled as a public highway, with the knowl- 'edge and consent of the selectmen of Royalton, they were 'at liberty to find for the plaintiff to recover such sum as 'would be sufficient to make good the damage thus sustain- 'ed.' The jury returned a verdict for the plaintiff, and the defendants excepted.

*T. Hutchinson*, for defendants.

1. The admission of the copy of the record of the proceedings in the supreme court in Orange county, the copy not being certified as the law requires, was clearly erroneous.

2. No certificate from the selectmen of the opening of the road was ever left for record in the town clerk's office in Royalton.

Until this was done, though the town might be liable for not making and opening the road by the time required by

WINDSOR,
February,
1842.

Blodgett
v.
Town of
Roy lton.

the order of court, they never, till then, could be made liable to keep it in repair as a public highway, nor be liable to pay damage for its not being in repair.

3. The raising of money to build the road, and the contract for making it, should and must precede the opening. And the acceptance of the road by the agents of the town, as a fulfilment of the contract for making, does not make it an open public road. The selectmen might see that it was not sufficiently made for travel, and, for that reason, refuse to open it and lodge their certificate for record ; and the very injury the plaintiff complains of furnishes proof that the selectmen had good reason not to open the road. And the case does not show, nor is it pretended, that the selectmen had any thing to do with taking away the fences from the new road, or putting them up on the old road. All must be presumed to have been done by travellers, impatient to avoid the old road, and by the owners of the farms on the old road. To the second and third points we cite *Patchin* v. *Doolittle et al.*, 3 Vt. R. 457. *Patchin* v. *Morrison*, do. 590.

4. Proof of the indictment and the assessment and collection of a fine, whether with or without the record, was clearly inadmissible. It may have been an indictment for not making and opening the road. It surely furnished no evidence against the town till the time of judgment ; and this was long after the injury complained of was sustained. The labor done by the town, and admitted to show the road an open road, was all after the injury complained of.

5. The charge is wholly incorrect. It treats all the evidence admitted as being proper, and treats the knowledge and consent of the selectmen (of which there was no proof) as tantamount to lodging a certificate that the road was open.

The selectmen could not bind the town by their consent that the road might be travelled upon, unless that consent was made manifest in the way pointed out by law ; that is, by making, signing, and lodging for record, a certificate of its being open for travel.

*Tracy & Converse*, for plaintiff.

The statute provides that the several towns shall be liable to pay ' all special damages that shall happen to any person,

Windsor,
February,
1842.

Blodgett
v.
Town of
Royalton.

' &c. by means of any insufficiency or want of repairs of *any* ' highway or public bridge in their respective towns.' Statute, Slade's Comp., p. 432, § 13. ·

Was the highway named in the declaration of the plaintiff *such a highway*, unless the selectmen of the town had, before the injury received, caused a certificate to be recorded in the clerk's office of Royalton, that the highway was open to public travel? If the record of such certificate was indispensable to the road becoming *such highway*, then it is conceded the testimony in the court below was improperly admitted.

The statute provides, ' that when the selectmen of any ' town shall open any road, &c., they shall cause a certificate ' thereof to be *forthwith* recorded in the town clerk's office, ' in such town, and the day on which such certificate is re-' corded shall be taken and deemed to be the time of open-' ing said road.' Statute, Slade's Ed., p. 443, § 2.

As applicable to this case, we contend that the above section of the statute is directory merely. There are no negative words—no provision that the road shall not be deemed a public highway, or that the towns shall not be responsible for the sufficiency of such roads till such record is made. Neither is there any mode provided for enforcing that duty of the selectmen, nor any penalty or forfeiture for the neglect by them of that duty.

To give to that statute any other effect, so far as relates to this and similar cases, appears to us to be extraordinary. · It would directly contravene that well known moral as well as legal maxim, ' that no one shall be permitted to take ad-' vantage of his *own wrong*.' It would be saying to towns, if you, by your officers, cause a proper certificate to be recorded, you shall be responsible for the sufficiency of such roads; but if you disregard and neglect your duty, you shall be exempt from responsibility. It would establish the principle, alike abhorrent to reason and common honesty, that he who *obeys* the *law* shall be liable to be punished, but he who *violates* the law shall escape with *impunity*.

We think the principle we contend for in the construction and effect of the above statute is fully sustained by analagous cases. *Eastman* v. *Curtis*, 4 Vt. R. 616. *Dow* v. *Smith*, 6 Do. 519. *Waters* v. *Davis*, 4 Do. 601.

Windsor, February, 1842.

Blodgett v. Town of Royalton.

We know of no adjudged case favoring the construction contended for by the defendants. What was said by the court in the case of *Patchin* v. *Morrison*, 3 Vt. R. 590, and in the case of *Warren* v. *Bunnell*, 11 Do. 600, must be considered with reference to the question then under consideration, and can have but extremely slight, if any, analogy to the present case. The question in those cases was simply whether the owner of the land, through which a road is laid, has a right to keep his fields enclosed till the selectmen cause a certificate of opening the road to be recorded, and it was decided that he had.

If, we are right in saying that the record of the selectmen's certificate was not indispensable to the liability of the town, for the insufficiency of the road, then was improper testimony admitted ?

The first objection is to the authentication of the record from Orange county. This, we say, was properly authenticated.

By the statute, ' each county clerk shall be, by virtue of ' his office, clerk of *the* supreme court.' Rev. Stat., p. 79, sec. 59. The two offices are identical, and a certificate in either capacity is admissible.

As it regards the proof of an indictment and conviction of the town for the insufficiency of this road, we say the fact was proper to be proved, and the best evidence of that fact, which the circumstances of the case admitted of, was adduced.

The other testimony objected to was clearly admissible, if any thing short of the *record* of the *selectmen* was so. The evidence, thus objected to, showed most conclusively that the defendants treated this road as a public highway.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—It appears in this case that the plaintiff introduced testimony tending to prove that the injuries he sustained, and for which this action was brought, happened in the fall of the year 1837, and in the spring of 1838, and it was incumbent on him to show that they happened from the insufficiency or want of repair of a highway in the town of Royalton.

So far as it was considered necesssary by the plaintiff to

WINDSOR.
*February,*
1842.

Blogett
*v.*
Town of
Royalton.

show a road legally laid out, surveyed, and opened, agreeably to the requisitions of the statute, he certainly failed in the legitimate proof. The copy of the records of the supreme court in Orange county, and the proceedings of the court, and of the committee, was not so certified as to be admitted in evidence, and no evidence of the opening of the road, by lodging a certificate thereof with the town clerk, was produced in evidence or ever existed. The case of *Patchin* v. *Morrison,* 3 Vt. R. 590, and the case of *Patchin* v. *Doolittle,* same vol. 457, were well considered, and intended to lay down a rule applicable to the subject, in all the cases embraced or supposed in the opinions there given, In the case of *Warren* v. *Bunnell,* 11 Vt. R. 600, the subject was again under the consideration of the court, and it was determined that a road could only be devoted to public use in a particular manner. Until it is so devoted, the owner of the soil may keep it inclosed, fence out all except those who come to make the road, and the selectmen may determine when, in their opinion, the road is sufficiently made, so that it will be safe to open it for public travel. And surely no road can be considered as legally made and devoted to public use, which may be shut up by the owner of the soil, and which the selectmen do not consider as safe and proper for public use.

It is not, however, to be inferred from those cases, nor from the opinion already expressed, that a town is never to be considered as liable for injuries happening from the insufficiency of a highway, which has not been opened in the manner pointed out. The words of the statute are, that ' the towns shall be liable for damages happening through ' the insufficiency or want of repair of *any highway,* or public ' bridge, which such town is liable to keep in repair.' Hence, we think they would be liable for the insufficiency or want of repair of any highway which they may have *adopted* as a public highway for travel, notwithstanding they may not have opened it in the manner pointed out. If the town, or the selectment, as their agents, shut up an old road, and leave no other avenue for travel, except on a road which they have made or caused to be made, or if they put the same into the rate bills of the highway surveyors, as a public road, on which the highway tax is to be worked, the town would be

liable to the traveller for the insufficiency of such road, though the selectmen may have omitted to lodge the certificate.

WINDSOR,
February,
1842.

Blodgett
v.
Town of
Royalton.

An indictment against a town for not repairing or keeping in repair a highway, with either a verdict or plea of guilty, and a judgment thereon, would be very strong evidence, if not conclusive, that the highway was such an one as the town were liable for to individuals, as well as the public, and it may well be questioned whether they would be at liberty, after verdict and judgment, to deny that it was a highway, or to require any other evidence either of the surveying, laying out, making or opening thereof. An indictment simply for not opening a road might not present the same question, although we are not prepared to say that if such indictment was found, a conviction had thereon, and the road made by a committee appointed for that purpose, the town could further contend that the road should not be treated as a public highway, and that they should not be held liable to individuals as well as the public.

We cannot say, in the present case, there was *no* evidence of the road in question being such an one as the town or selectmen had adopted, so as to have justified the court in excluding it. Some of it was improperly admitted, as we have already intimated, and the whole required a more particular and specific charge, to prevent its having an improper effect. What the record of the indictment and judgment thereon would have proved, we cannot say as it has not been shown to us. The charge left to the jury to determine, what would constitute an opening of the road, and a public highway, without in any way stating to them what the law required, thus leaving them to adopt such a construction of the law, on this subject, as they thought proper. It was the province and duty of the court to determine the law.

The *consent merely* of the selectmen, that any person should travel on any path, whether a public or a private road, is no *act* recognizing such road as a highway for which the town is responsible, neither is their knowledge that a traveller on such road supposes it to be a public highway of any importance, unless, by some act of theirs, it can be inferred that they have opened the road or adopted it as a highway to be repaired by the town. The charge in these particulars

was erroneous, and the judgment of the county court is therefore reversed.