JOSEPH YOUNG v. TOWN OF WHEELOCK.

The selectmen of a town, in June, 1841, altered a highway by laying out a piece of new road having its *termini* in the old road, and set over the old road, between the *termini* of the new road, to the land owner in part compensation for his damages occasioned by the laying the new road. The new road was partially worked the same season, and the land owner then fenced up the old road, and the new road was principally travelled. The next spring the selectmen delivered to the highway surveyor a survey bill, in which the roads in his district were described in such manner as to include a piece of old road, which had been fenced up, and the new road, which, had been laid in its place; and the taxes were principally worked out, by the highway surveyor, upon the new road. In July, 1842, the plaintiff's wife suffered injury, while travelling upon the new road, in consequence of the want of repair of the same; but no certificate of the opening of the road had been made by the selectmen and recorded by the town clerk. And it was held, that, the road not having been legally opened for travel, the plaintiff was not entitled to recover for the injury.

TRESPASS ON THE CASE, to recover for an injury occasioned to the plaintiff's wife by reason of the insufficiency of a highway, which the plaintiff alleged it was the duty of the defendants to keep in repair. Plea, the general issue, and trial by jury,—REDFIELD, J., presiding.

On trial the plaintiff introduced evidence, tending to prove, that, on the fifteenth day of June, 1841, the selectmen of the town of Wheelock altered an old road, existing in said town, by laying out, as an "open road," about one hundred and twenty two rods of new road, having its *termini* in the old road, and set over the old road, between the *termini* of the new road, to one Hanscomb, the owner of the land, in part compensation for the damage occasioned to him by reason of laying out the new road; that the survey bill was recorded, the same day, in the town clerk's office; that in the autumn of the same year the inhabitants of the highway district cut out' the new road and made it passable for teams through the winter, and Hanscomb then built a fence across the old road, near where it intersected the new road; that the old road had continued fenced up, and was so at the time the injury complained of occurred, and the public travel passed over the new road, except in a few instances,

when the new road was wet and muddy, and travellers had, in con-
sequence, passed over the old road. The plaintiff also proved, that
the selectmen of the town, in April, 1842, made and delivered to
the highway surveyor of the district a tax bill, describing the roads
in the district in such way as to include a piece of old road, which
had been fenced up, and the new road, which had been laid in its
place, and that the highway surveyor caused most of the taxes in the
district to be worked out on the new road, previous to the injury
complained of by the plaintiff, and that the highway surveyor knew
that the old road was fenced up, as above mentioned. The plaintiff
also proved, that his wife, about the twentieth of July, 1842, while
travelling upon the new road, suffered the injury complained of, in
consequence of the insufficiency of the road. The plaintiff offered
no other evidence, that the selectmen had opened the new road for
travel.

Upon these facts the county court decided, that the plaintiff was
not entitled to recover, and directed a verdict for the defendants.
Exceptions by plaintiff.

*D. Hibbard* and *T. Bartlett* for plaintiff.

We insist, that, when a road has been surveyed and laid out, and
taxes have been worked upon it, pursuant to the order of the town,
and the same is laid open to the public and occupied, improved and
acquiesced in by the town and used by the public, the traveller has
a right to presume, that it has become a public highway, and the
responsibility of the town for its safe condition should thenceforth
attach. And we farther insist, that when a town constructs a new
road, and opens it, or suffers it to be opened, for public use, this is
a permission to travellers to use it, and then the liability attaches;
and if the town would avoid their liability in such case, they should
see to it, that the road is not opened for public use until it is so
constructed as to be safe and convenient. *Bliss* v. *Deerfield*, 13
Pick. 103. *Drury* v. *Worcester*, 21 Pick. 44.

*Skinner* for defendants.

Towns are to be their own judges, when they will adopt a high-
way and incur the risk, and when they do it, it is only to be evi-
denced in one of two ways;—1, By the record, in the town's clerk's

office, of a certificate of the opening; 3 Vt. 457, 590; 11 Vt. 60; 14 Vt. 279;—2, By fencing up an old road and putting the new road in the rate bill as a public highway and causing the public money to be expended upon it for some length of time. There is no pretence, in this case, that the town has ever adopted the new road by any recorded evidence of opening; and all that has been done by the selectmen was to lay out the road, and to put it in the 'rate bill, not as a public highway, but to be made suitable to be opened as a public highway. The act of Hanscomb, in closing the old road, was an obstruction, for which he alone is liable, it not being authorised by the town. The expending, by the town, of some portion of their public money upon a road, in order to make it suitable to be opened, will not be evidence, that they have adopted it as a public highway, unless accompanied by evidence that they have, by their authorized agent, fenced up the old road. *Blodgett* v. *Royalton*, 14 Vt. 288. *Emerson et ux.* v. *Reading*, 14 Vt. 279.

The opinion of the court was delivered by

WILLIAMS, Ch. J. This is an action against the town of Wheelock, to recover for an injury sustained by the wife of the plaintiff, who was travelling in the town, by reason of the insufficiency of the road on which she was travelling. Towns are made liable, by statute, for all damages occasioned to individuals by reason of the insufficiency of a road, which they are obliged to keep in repair. They are bound to keep in repair all roads, which have been legally laid out and opened for travel.

The evidence, that a road has thus been laid out and opened for travel, is usually to be found on the records of the town. The survey, the act of the selectmen, or commissioners, together with the certificate, that the road has been opened, are required to be recorded. And when resort is had to any other evidence than the records of the town, as prescription, or usage, it supposes, that the highway is, or has been, legally laid out and established, and that the record has either been lost, or was omitted to be made.

The different modes, in which highways are laid out, established and opened, have frequently been before the court, and it is not necessary now to refer to them. The cases were intended to establish the law on this subject, so that the rights of all who were con-

cerned might be readily ascertained. Whether a road is legally established does not often enter into the mind of the traveller, nor can we suppose, that, in selecting the path he is to take, he has any reference to the liability of a town, or any view to a future recovery for damages, which he may sustain. The inquiry, therefore, which is often made in argument, whether the traveller is to look to the records to see whether the officers of the town have done their duty, before he travels on a road, is of no consequence, and the argument founded on the inquiry is altogether fallacious. If he sustains an injury by his own neglect, by misfortune, or by the badness of a road, before he commences a suit against a town, he must, by a recourse to the records, or elsewhere, ascertain and be prepared with evidence to prove, that the highway was so established and opened, that the town is liable under the statute.

Whether a road is thus legally established and opened depends generally on a question of law, to be determined by the court, though in some cases it may involve some question of fact, to be determined by the jury, as in the case of *Blodget* v. *Royalton*, 14 Vt. 288. In the case before us it was wholly a question of law. The plaintiff endeavored to show, that a highway was laid out by the selectmen of the town in June, 1841. The place, where the injury happened, was on the road then surveyed. This road never had been opened by recording a certificate to that effect on the town records. It was evidently a case, where the agents of the town were the proper judges when the road should be thus opened, and when they would assume the responsibility of treating it as an open road; and they might withhold their certificate, until they were satisfied. They were first to make the road; and for this purpose the work thereon in the autumn of the year 1841 and by the highway surveyor in the summer of 1842 was done, with a view to make this such a road as it would be safe to open for public travel.

The act of Mr. Hanscomb was no act of the authorized agents of the town. The including the new road in the survey bill, if it was so included, as I have already remarked, may have been for the purpose of making the road thus surveyed. The case, however, does not show, that it was thus put into the survey bill; but the *termini* of the road put into the survey bill included both the old and new road, and, if relied on as evidence to establish the existence

of a highway, (for which, however, it was wholly insufficient,) was as strong evidence to establish the old road as the new.

There was no evidence in the case, that the road surveyed in June, 1841, was ever legally opened for public travel; and if the town were negligent, or remiss, in making or opening it, there are other methods to compel them to perform this duty. The county court were right, in deciding that the road was not established and opened, so as to make the town liable. If the case had been submitted to the jury, no other question could have been presented, than whether the plaintiff, or the town, was best able to bear the loss; and we do not recognize this as a legitimate issue to be tried by a jury in a court of justice.

The judgment of the county court is affirmed.