WILLIAM P. BRIGGS *v.* EDWIN D. MASON AND ROLLA GLEASON.

*Officer. Trespass. Pleading. Attachment.*

If property be attached and receipted, and pass from the receiptor's hands into the possession of another person, who knows of the attachment and the receipt, and gives the receiptor a bond to indemnify him against the receipt, the officer has the right to take the property out of such person's hands at any time during the pendency of the attachment.

In trespass the defendant can not, in a trial upon the general issue, rely upon any matter of justification, even though the evidence of such matter be furnished by the plaintiff in the proof of his case.

It is no objection on general demurrer to a special plea in trespass, which justifies the taking by virtue of a writ, signed by the clerk of the county court and directed to the defendant as an officer, that such writ is described in the plea as signed by the clerk of the *county*, naming him, instead of the clerk of the county *court*.

Where a defendant in an action of trespass justified the taking by virtue of a writ directed to him as an officer, and the action was brought against him previous to the term of court at which such writ was returnable, a special plea setting up such writ and taking thereunder, was held good on general demurrer, notwithstanding it did not allege that the writ was returned at the term of the court to which it was made returnable.

29

Briggs *v.* Mason et al.

When an officer attaches an article but misdescribes it in his return, and its appearance and use are such that it may have been naturally and in good faith so misdescribed, such error will not avoid the attachment, and a plea in an action of trespass for taking the article, which sets up the fact of the attachment and its misdescription, will be a justification of the taking.

A mere clerical error in a plea, which is corrected by papers which by reference are made a part of the plea, will not render the plea defective. Such an error may at any time be amended on motion.

In an action of trespass for taking certain goods; the defendant pleaded in justification that he took them by virtue of a writ directed to him as an officer. The plaintiff replied, that the defendant did not attach said goods by virtue of said writ. Upon special demurrer to this replication it was held to be a negative pregnant, and therefore bad.

TRESPASS for taking five two-year-old cattle, two yearling colts, one white mare, one sorrel horse, one double wagon, one single wagon, one ox cart, one light lumber wagon, four hundred cords of wood, twenty cords of hemlock bark, two hundred mill logs, one horse, one double wagon, one pair of traverse sleds, two ox yokes, three leather halters, four ropes for tying oxen, one bridle, three hame collars, thirty-one cows, one pair of working oxen, eight hogs, forty shoats, one ox cart, one cultivator, one plough, one straw-cutter and one chain.

The defendants pleaded severally, both pleading the general issue, and Mason filing two, and Gleason three special pleas in justification.

So much of these pleas as is material to be reported is sufficiently set forth in the opinion of the court.

To these pleas the plaintiff filed thirteen replications, and to all of these replications the defendants severally demurred specially, but it is not material to report either the replications or the causes of demurrer more fully than they are stated in the opinion of the court.

The case was tried upon these demurrers, at the November Term, 1854,—PECK, J., presiding,—and the county court, being of the opinion that Mason's first special plea, and Gleason's third special plea were bad, held the replications to them sufficient, to which the defendants excepted. The county court held that the replications to all the other special pleas were insufficient, to which the plaintiff excepted.

At the March Term, 1858, the cause was tried by the jury upon the general issue,—POLAND, J., presiding.

The only questions of law, reserved upon the trial by jury, arose in reference to a wagon taken by the defendant Mason from the possession of the plaintiff, assisted, as the plaintiff claimed, by the defendant Gleason, and in reference to five two-year-old cattle, two colts, one white mare, one sorrel horse, two ox yokes, one double wagon, one single wagon, one ox cart and one light lumber wagon which were attached by the defendant Mason, as an authorized person upon a writ in favor of the defendant Gleason.

In reference to the first mentioned wagon, it was conceded that it was formerly the property of one Beede, and was attached by the defendant Mason, as an officer, upon a writ in favor of one Shepherd against Beede; that Beede's father executed a receipt for the wagon to Mason in the common form of officer's receipts, agreeing to keep the wagon for Mason, and to deliver it to him on demand; that the wagon went into the possession of the plaintiff by some arrangement between him and the Beedes. The plaintiff claimed that he purchased it of the younger Beede, and at the same time executed a bond to the elder Beede to indemnify him against the receipt he had executed to Mason. The defendant Mason claimed that after the wagon went into the possession of the plaintiff from the Beedes, he gave up Beede's receipt to the plaintiff, and the plaintiff executed his own receipt to Mason for the wagon, but the plaintiff did not admit the exchange of receipts. It was proved that when the wagon was taken by Mason from the plaintiff's possession, the suit of *Shepherd* v. *Beede* was still pending. The defendant Mason claimed that when he took the wagon, the creditors of the plaintiff were making large attachments upon all his personal property, and that he took the wagon upon his receipt to hold under his original attachment.

It was admitted that no demand was made upon the plaintiff before taking the wagon. The court charged the jury that upon the facts conceded by the plaintiff, the defendant Mason had the right to take the wagon upon his receipt, and that the plaintiff could not recover therefor. To which the plaintiff excepted,

The plaintiff introduced a writ of attachment in favor of the defendant Gleason against the plaintiff, dated the 22d day of September, 1851, duly directed to the defendant Mason to serve, and returnable to the then next term of the Chittenden County Court, and also the defendant Mason's return thereon of the same date, that he had attached the above mentioned five two-year-old cattle, two colts, one white mare, one sorrel horse, two ox yokes, one double wagon, one single wagon, one ox cart and one light lumber wagon. No question was made but that this process was in all respects regular and legal, and properly directed to the defendant Mason to serve. It was shown that this writ was duly returned and entered in court at the term when made returnable, but the subsequent disposition of the case did not appear.

The plaintiff claimed that he was entitled to a verdict for all the property so attached on said writ, because the defendants could not justify the taking by virtue of it, under the plea of general issue. But the court held that as the plaintiff had himself put in the writ and return, which justified the defendants, they might rely upon it under the general issue, to which the plaintiff also excepted. The jury returned a verdict for the defendants.

The plaintiff *pro se*, with whom was *J. A. Wing*.

*George F. Edmunds*, for the defendants.

ALDIS, J. This is an action of trespass for taking a great number of articles of personal property. It comes to this court upon two bills of exceptions, one upon the decisions of the court upon a trial under the general issue, the other upon decisions upon a demurrer at a former term.

I. Of the trial under the general issue. As the pleadings in the case and the various decisions of the court, and the exceptions thereto have made the points in issue somewhat numerous and complicated, a statement of the pleadings seems required to make the case intelligible.

The defendants sever in their pleas, pleading, 1st, the general issue, and Gleason filing three special pleas, and Mason two special pleas in justification. To these the plaintiff replies in thirteen

replications.    The defendants demur specially, assigning a great number of causes of demurrer.

The court held the replications insufficient, and all the special pleas in bar sufficient, except Mason's first and Gleason's third special plea, which were held bad.    Both the plaintiff and the defendants excepted to these decisions upon the demurrer.

The special pleas in bar justified the taking of all the articles of personal property named in the declaration, except what is called the Beede wagon.    But as Mason's first and Gleason's third special pleas (which justified the taking of the five two-year-old cattle, and some other articles named in the exceptions) were held bad, the plaintiff claimed to recover on the trial upon the general issue for the articles named in those pleas, and for the wagon; but not for any of the articles named in the pleas which the court held sufficient.

First, as to the wagon and the ruling of the court in regard to it.

The plaintiff showed that the wagon had belonged to one Beede, was attached by Mason on a writ against Beede, that Beede's father receipted it, and that the wagon went into the possession of the plaintiff by some arrangement between him and the Beedes, he at the same time purchasing it of the younger Beede and giving the elder Beede a bond to indemnify him against the receipt he had executed to Mason.    The court below held that Mason had the right as an attaching officer, to retake the wagon from the possession of the plaintiff, as at the time of such retaking the plaintiff's creditors were attaching all his personal property.

The right of the officer to retake the property from the possession of the receiptor, or of any one holding it in that relation, is not questioned by the plaintiff.

But he claims that he stands in the position of a *bona fide* purchaser from the owner.

The case shows that the plaintiff knew of the attachment and agreed to indemnify the receiptor for having signed the receipt. It does not show that the property went back to the possession of the owner; and in the absence of such proof it must be presumed that the property passed directly from the receiptor to the plaintiff.    Nothing had occurred to impair the attachment, or to give to the plaintiff a right to the property superior to that of the

receiptor as against the attaching creditor. If the wagon had actually passed into the possession of the owner, and the plaintiff had bought it of him *bona fide*, and not as subject to the attachment, he would then have held it. Such are many of the cases cited by the plaintiff; 7 Conn. 271; 19 Maine 92. It was so decided in this State in *Pomeroy* v. *Kingsley*, 1 Tyl. 294, and has ever since been so held.

But here the plaintiff took the property from the receiptor, not from the owner. He gave the receiptor a bond to indemnify him against the receipt. There is nothing to show the attachment invalid, and we can not suppose that he paid the full value of the property. Upon such a showing he must be considered as having taken the property subject to the receipt; and the property must be held as in the custody and subject to the control of the officer. The officer therefore might lawfully retake it.

II. As to the other articles claimed by the plaintiff on the trial under the general issue, the court held that as the plaintiff had himself, in order to show the taking by the defendants, put in the writ and return which justified the taking by the defendants, they might rely upon the justification so shown under the general issue.

The general rule, that matter of justification must be pleaded specially and can not be shown under the general issue, is admitted. But the defendants seek to establish an exception, viz: that when the plaintiff's own evidence to show the trespass also shows those facts which justify the trespass, so that in point of fact no *prima facie* trespass is proven by the plaintiff which is not at the same time disproved, then the matter in justification may be relied upon under the general issue. It is urged that the object of requiring a special plea is to apprise the plaintiff of the facts to be relied upon in defence; but that where the plaintiff himself proves those facts the reason of the rule ceases.

There is much force in these considerations, but from an examination of the decided cases in this State, we do not feel at liberty to regard the question as open to discussion. They seem to be conclusive against the establishing of the exceptions.

*Allen* v. *Parkhurst & Fuller*, 10 Vt. 557, was an action of trespass in which the plaintiff, to prove the seizing of his person

(which was the trespass complained of), gave evidence of the warrant upon which he was arrested and which the defendant claimed to justify the trespass. There was no special plea. The defendant insisted that as the plaintiff put in the evidence, he (the defendant) might rely on it under the general issue. COLLAMER, J. says, "the rules of evidence and pleading are in strict accordance and consistency and constitute a system, the symmetry of which, in the action of trespass, has not been destroyed by any modern relaxations or exceptions in the science of special pleading. The party is bound to prove what he alleges, *so far* as the same is denied, and he is neither bound nor *permitted* to prove more." Again, "the general issue in trespass is a denial of the facts stated in the declaration. It requires the plaintiff to prove these facts, and it permits the defendant to simply contradict these facts, and it permits no more. If the defendant has matter of justification he must specially plead it, or he can not be permitted to to prove it or insist upon it, if it casually appears." These principles of law as applied in that case are decisive of the question.

*Walker v. Hitchcock,* 19 Vt. 634, was trespass to the realty. The court say (BENNETT, J.) "it is claimed that as the plaintiff gave the record in evidence to show a title in himself, the defendant may claim the benefit of it as a bar to the action, without pleading it. No authority has been produced to show that in such a case the special plea may be dispensed with; and I can discover no reason why it should be. The plea of not guilty is simply a denial of the facts stated in the declaration; every cause is to be tried upon the issue joined between the parties; and the evidence is to be received and applied *only* as it bears upon the issue which the parties have seen fit to join."

In *Richardson* v. *Stockwell,* decided in Essex county, at the August Term, 1858, the very point was again considered and the rule re-affirmed. The reasonableness of the rule was vindicated upon the ground that the defendant, by omitting to plead the justification specially, might be assumed by the plaintiff to have waived defence on that ground; and if allowed to claim it under the general issue, the plaintiff would be surprised and prevented from properly replying to such defence, and from having his proof ready at the trial. Without further considering the rea-

sonableness of the rule, we rest upon these decisions as having settled the question in this State. The ruling on this point was therefore erroneous.

III. The defendants, however, further claim that the decision of the county court that their special pleas of justification were insufficient, was erroneous; that they should have been held good; and as they justified the taking of all the articles for which the plaintiff claimed to recover on trial under the general issue (except the wagon), and were sufficient defences, still, the defendants would be entitled to judgment. This leads us to examine Mason's first and Gleason's third special pleas.

Are they bad on general demurrer?

1st, It is claimed by the plaintiff that the plea alleges that the writ of attachment was signed by D. B. Buckley, "clerk of Chittenden County," instead of clerk of "Chittenden County *court.*" The county clerk is *ex officio* clerk of the county court. Sec. 3, chap 31, Comp. Stat., provides that original writs shall be signed by a clerk of the court to which they are returnable.

Chapter 13, of Compiled Statutes, in stating the duties of the county clerk as clerk of the courts to keep dockets, record judgments, sign process and certify records, etc. etc., speaks of him throughout as the "county clerk," not as clerk of the courts.

We have also been referred to *Blodget* v. *Royalton*, 14 Vt. 288, to show that a record of the supreme court certified by the clerk of the county court, is not admissible evidence, and such seems to be the decision. Such a record would show an officer of one court certifying for another court, and clearly, such official signature would imply the act done in a capacity inconsistent with the proper authentication of the record. But the title, county clerk, seems to be the genuine statute title to include both county and supreme court clerks. To hold the plea defective in substance and on general demurrer for what is at most but a defect in form, would, we think, be more nice than wise.

The officer described in the plea is and must be the very same man and officer who signed the writ. This being so, to hold it any defect at all, even a partial one, would seem to be requiring an extreme nicety in the forms of language without a corresponding precision in the substance or idea.

We are clear that it is good on general demurrer.

2. The plea does not allege a return of the writ to the county court at the next March Term. Such an allegation is found in the approved forms where the suit is against the officer, but is not so set out in suits against the servant of the officer. By this rule Mason's plea would be bad and Gleason's good.

But as this suit was brought before the term of the court to which the writ was returnable, and that fact is stated in the plea, and as the plea sets forth a complete justification for all the trespasses that could have been proved up to that time, and the omission to return the writ must have happened after this suit was brought, and thus (if it did exist as a fact) gave birth to a trespass after the plaintiff sued, it seems to us that we may well hold the plea good in substance, and require the plaintiff, in his replication, to set forth the subsequent facts (if any) which he claims to have made the officer a trespasser *ab initio.*

*Andrews* v. *Chase,* 5 Vt. 409, is an authority to show that the proceedings posterior to the date of the writ in this case, need not be stated in the plea. See also 10 East 73.

Other defects are noted by the plaintiff's counsel, but they seem at most mere formal defects, and not cognizable on general demurrer.

We hold, therefore, that Mason's first special plea and Gleason's third special plea were sufficient; and being so, they and the other special pleas, which the court below held sufficient, justify the taking of all the property named in the declaration, except the wagon, as to which the decision of the court on the trial of the general issue is held correct; and thus the defendants would be entitled to judgment.

IV. But the plaintiff claims, first, that the defendants' other special pleas were bad in substance, and, second, that his replications were sufficient.

This obliges us to examine the other pleas. The objections are numerous, so numerous, and the time for examining and noting them in detail so brief, that we feel required to notice only the main objections relied on in argument. Two of the main objections on argument being the same that we have already considered when speaking of the other pleas, require no further notice.

It is also said that Gleason's second and third special pleas say that he attached halters, ropes for tying oxen, etc., by the *names* of harnesses, but does not state that he attached any harnesses, or that these articles were called parts of harnesses. The allegation of the plea is that he attached these articles, and in his return called them harnesses. When an officer takes an article but misdescribes it in his return, and the appearance and use of the article are such that it may have been naturally and in good faith so misdescribed, such error should not avoid the attachment, and a plea stating the fact would be a justification. The halters, bridle and hame collars, it is admitted, were such as might have been properly called, in the return, as harnesses or parts thereof. Nor can we say, as matter of law, that the ropes used for tying oxen might not have been found by the officer in such use or form as to have justified his description of them by the same name. It is a question of fact which the plaintiff could have tried by traversing the fact alleged in the plea.

Another objection is that one of the pleas states that Mason was the deputy sheriff, and Gleason the servant, that Mason attached the property, etc. etc., and delivered to Briggs a copy of the writ with the return of "said Gleason as said deputy," as by said writ and return will appear. This is plainly a mere clerical error. The reference to the writ and return corrects the error. When the error is thus corrected by the writ and return, which are by reference made a part of the plea, the clerical error should not operate to turn the case, and thus have the rights of the parties depend, not upon the evidence and the law, but upon the mistake of a copyist. Such errors may be amended at any time on motion.

Many other points are made, but none which seem to us to show any substantial defects in the pleas, and the ruling of the court below, as to such other pleas, is affirmed.

V. This brings us to the replications. Are they sufficient?

There are thirteen of them in reply to the nine pleas. The defendants have filed special demurrers, setting up very many causes of demurrer.

Most of the replications are obviously bad for duplicity.

The plaintiff's counsel says the replication to Gleason's first

plea is good, "that Gleason did not attach said goods by virtue of said writ."

The defendants say this is a negative pregnant, and that it is double and uncertain, putting in issue both the fact of the attach-ment, and the authority by which it was made. We think the authorities cited from the palmy days of special pleading sustain the special demurrer on this point. The old case, trespass for cutting trees and plea that he cut them by command of, the plaintiff, and replication, "did not cut them by command of the plaintiff," held to be a negative pregnant, and that it left the defendant in uncertainty as to the point to be contested, will here apply.

The plaintiff claims the replication to the last two pleas are good. We think not. They traverse several material facts; are not single and seem to have formal defects.

These are the only replications which are specially claimed to be good in the plaintiff's brief. As the replications are insufficient, the special pleas good, and the trial on the general issue, as to the one article not justified by the special pleas, correct; the result is, the judgment of the county court, as to the first special plea of Mason and the third special plea of Gleason, is reversed.

NOTE. The plaintiff moved for leave to reply anew to the special pleas, and the motion was granted upon terms.