Silver Bow M. & M. Co., respondent, *v.* Thos. M. Lowry, appellant.

Attachment of Cattle — *Return — Identification of property taken.*— Where an officer justifies the taking of certain cattle, each marked with a different brand, under a return which describes them as " six head branded with different brands," parol evidence is admissible to identify the cattle seized with those claimed.

*Appeal from Second District, Silver Bow County.*

Knowles & Forbis, for appellant.

W. W. Dixon, for respondent.

Coburn, J.    This was an action for claim and delivery by the respondent against the defendant for certain personal property, described as follows: One light red ox, branded "R" on left hip, with left horn sawed off; one roan ox, branded "R" on left hip, and with left horn sawed off; one roan ox, branded "R" on left hip, with left horn off; one roan ox, branded "R" on left hip also, and "R" on left horn; one brindle ox, branded "R" on left hip, with both horns broken off; one yellow and white Texas ox, branded "W" on left ribs, and blotch brand on both hips, not to be made out; one red and white speckled ox, no brand, with left horn broken off; one ten thousand iron axle wagon, Sacramento make, with wood rack and four ox yokes, with bows and chains thereto belonging, used with said oxen and wagon.    A demand was alleged and judgment demanded for the recovery of the property or damages.

The defendant justified as the sheriff of Silver Bow county, alleging that, by virtue of certain writs of attachment issued on the 6th day of October, 1882, and then placed in his hands, against one "Durand," he, upon the 12th day of October, 1882, attached and took into his possession all of the property described in the complaint, and made and filed his return of said writ on the 13th day of October, 1882.    That from that time till the commencement of this suit he has held and possessed said property by virtue of said writs.    That "Durand" is the owner of the property, etc.

The plaintiff replied, denying, among other things, that any proper or valid writ of attachment had been issued, as alleged in the complaint; denied that under or by virtue of any legal or properly issued writ of attachment or otherwise the defendant attached or took into possession all or any of the property described in the complaint or made return of his proceedings to the court below on said writs of attachment; and denied further, that said Durand was the owner of the said property.

On the trial the defendant offered in evidence the returns of the sheriff on the writs of attachment named in the complaint, for the purpose of showing his seizure of and levy under the writs of attachment in said cause on the property described in said returns, and of his title thereto, said returns being as follows: "I do hereby certify that I received this writ on the 6th day of October, A. D. 1882, and personally served the same on the —— day of ——, A. D. 1882, and levying upon and attaching and taking into my possession the following described property, to wit: Ten yoke of work cattle, fourteen head branded "L," on the right thigh; six head branded with different brands; three iron axle wagons, one wood axle wagon, eight yokes, six chains, taken as the property of Oscar Durand, this 12th day of October, 1882." Also the return in another case, to a writ of attachment, as follows: "I do hereby certify that I received this writ on the 6th day of October, 1882, and personally served the same on the —— day of ——, A. D. 188–, and levying upon and attaching and taking into my possession the following described property, to wit: Ten yoke of work cattle, fourteen head branded "L" on the right thigh; six head branded with different brands; three iron axle wagons, six chains, taken as the property of Oscar Durand. Date l this 12th day of October, 1882." These returns were signed by the sheriff.

The plaintiff objected to the introduction of these returns in evidence, so far as the six head of cattle are concerned, described as being of different brands, on the ground that the return did not specifically describe the said six head of cattle of different brands; and that as to them, it did not show any levy and seizure under said attachment, of the cattle described in plaintiff's complaint, and that the attempted description of said six head of cattle in the said return was too indefinite and uncertain to identify said property.

The defendant then offered to prove by James M. Fish

that the cattle described as six head of cattle with different brands, that he levied upon, seized and held under and by virtue of the writs of attachment in the above entitled causes, with the other cattle described in the return; and also to identify the said six head of cattle as the six head of cattle in said return named, and as the cattle described in plaintiff's complaint; and also to prove that they were the six head of cattle taken from him by the plaintiff in its action herein; and also to prove that he was the deputy sheriff who executed said attachment. To the introduction of this evidence the plaintiff objected, on the ground that the defendant could not prove by parol what he did under said attachment, and that the only evidence he could give of his proceedings under said attachment is the written return as sheriff on said attachment, and also upon the ground that the return, being in evidence and being a record, could not be explained by parol when insufficient upon its face, but, if incorrect, could only be made correct by amendment in the proper court in accordance with the facts. The court sustained these objections and excluded the return as to said six head of cattle of various brands, and refused to allow the said witness Fish to testify as to the facts above specified, for which he was introduced. To this ruling the defendant excepted.

Should the court have excluded the return as to the "six head of cattle branded with different brands," because the same was so indefinite and obscure as not to amount to an inventory? The statute provides that the sheriff shall make a full inventory of the property attached, and return the same with the writ. What is a full inventory? An inventory is a list or schedule, or enumeration of property, setting out the names of the different articles, either singly or in classes. See Bouvier, "Inventory." The inventory of a store, containing many thousand articles, as full and complete as the most accurate man of business could make it, would not contain a tenth part of the number of the articles set out

separately in the list; large numbers would be classified, and would be as well described in that way as if mentioned singly.   An inventory of a herd of sheep might be full, if it contained the number in gross or the number of the classes.   This would be true of a drove of hogs.   It would be difficult, in many instances, to give any other inventory than the number only.   It is apparent that there could be no arbitrary rule upon the subject, as to what is a full inventory, since it depends upon the nature of the matters which are included in it.   So an inventory of cattle, having a particular brand, would be complete with a statement of the number and the brand; but, if the cattle were not branded so as to be classified, and were numerous, they might be designated by their numbers alone, being classified, possibly, as to ages; but, as in this instance, where there were but six, a more perfect inventory might have been made.   The law contemplates a full inventory; the word "full" is, of itself, indefinite.   It might be construed to mean full in number alone, or it might mean that each article should have a minute description.   But this is not the ordinary acceptation and definition of the term.

A reasonably brief and certain description or naming of the articles is sufficient.   This one is not so faulty as to be a nullity.   "Six head of cattle, with different brands," is a brief description of substantial property. A further description might have been added as to natural marks and colors, artificial marks and brands, ages and sizes.   But these would only have the effect of making identification more easy.   The sheriff makes himself responsible by his return for six head of cattle, and he should have had the benefit of his return in the court below, and should have been permitted to have identified the cattle as the very same which were seized by the plaintiff in this action.   The question of identity could have been settled by parol proof, and by nothing else. In this case the return was not the only evidence of the nature and description of the property.   The property

was taken into the possession of the sheriff, and could thus be identified by parol proof. In some states there is a provision by statute that the sheriff may dispense with the taking of the attached property into his possession in case it is bulky and ponderous, by leaving of record an attested copy of the writ, and of his return of such attachment thereon; and, in such a case, it would be important to have the property described with greater particularity and exactness, since it might fall into the hands or under the control of third persons. The property in this case, however, was held in the possession of the sheriff, and there could be no mistake as to its identity.

In *Darling* v. *Dodge*, 36 Maine, 370, is to be found a parallel case to the one at bar. In that case the return of the officer was, that he had attached "sixty cords of soft cordwood, more or less, now lying near the western end of the bridge leading over McHard's stream." It appears, from the evidence, that the wood consisted of pine and spruce and white birch and white maple, intermingled together, in proportion of about two-thirds of spruce and pine and one-third of white birch and white maple; that it was all cut from the same land and at the same time, and hauled intermingled, without separation of one kind from the other, and that it continued so intermingled till it was taken away and sold by the defendant after the attachment. For that taking and selling the suit was brought. The court say: "An attachment of personal property, like that in controversy, cannot be made by simply indorsing a return thereof on the writ. It is the duty of the officer to be present at the place where it is situated, and take it into his possession, in order to justify him to make his return that it had been attached. . . . The return of the officer is the evidence that the property referred to therein has been attached. But parol evidence is competent to show that the property attached, and that in dispute, is identical. . . . The attachment may be valid, although

the return may not be so specific in the description of the property as to render it certain what was really taken by virtue of the writ.    Parol evidence to settle such a question may with propriety be adduced.    .   .   .    In the case at bar it was essential to the maintenance of the action that it should appear in some manner that the wood taken by the defendant was the same which had been attached in the writ."    It was left to the jury to determine whether the attachment embraced all the different kinds of wood, pine, spruce, birch and maple, or only pine and spruce, the "soft wood."

In Drake on Attachment, section 210, it is said: "Where an officer justifies under an attachment, a misdescription in his return of an article of personal property attached by him will not vitiate the attachment, if the appearance and use of the article are such that it may have been naturally, in good faith, so misdescribed. And this is not a question of law to be decided by the court, but of fact, to be tried by a jury."    See *Briggs* v. *Mason*, 31 Vt. 433.    The object of the statute, which requires a return to a writ of attachment to be specific in the description of property attached, and to be made a public record, is more particularly to protect attaching creditors in cases where the sheriff does not retain the possession of the property; and is intended to supply the same information to a subsequent attaching creditor or purchaser that might be obtained by such a person by seeing the property in the actual possession of the sheriff under the writ, so that thereby he might be put upon inquiry as to a prior claim.    In the case at bar the property was in the actual possession of the sheriff; could be seen and identified as that which had been levied upon. There could be no mistake about that fact; and it was proper that it should appear in evidence that it was the identical property in controversy.

Judgment reversed and cause remanded for a new trial.

*Judgment reversed.*