JOHN B. ALLEN *v.* LEVI M PARKHURST & FREDERICK FULLER.

ORLEANS, March, 1838.

In an action of trespass for assault and imprisonment the defence, that it was under lawful process, must be *specially pleaded.*

If on the general issue, in an action of trespass, the facts stated in the declaration are proved, and are not disproved by the defendant, the plaintiff is entitled to a *verdict,* even though the declaration might be bad on demurrer.

THIS was an action of trespass for an assault and battery and false imprisonment. The defendant pleaded the general issue.

On the trial in the county court, the plaintiff gave evidence tending to prove that, on the day of the alleged trespass, the defendant, Fuller, passed into Canada, where the plaintiff resided, procured a warrant from a justice of the peace for the arrest of the plaintiff on a charge of theft, with the intention, as the plaintiff alleged, of bringing him into the state of Vermont under color of said warrant; that the warrant was delivered to an officer, by the magistrate who issued it, at the request of Fuller; that the plaintiff was thereupon arrested upon the warrant and, by the direction of the magistrate, was brought into Potton, in the province of Lower Canada, where he was met by the defendants, and finally came in a sleigh with the defendants and others to Troy, in the state of Vermont, where he was arrested on a process issued by authority of this state and by the procurement of the defendants. The plaintiff insisted, that the warrant issued in Canada was void on the face of it, and also that the plaintiff was brought into the state by force and against his will. To shew that the warrant was void, the plaintiff offered the testimony of the officer who made the arrest, who testified, that at a former trial of the case he produced the original warrant in court, that it was used on the trial, and that he had not seen it since, and did not know what had become of it, and offered parol evidence of its tenor and contents. This evidence was objected to by the defendants and was rejected by the court, upon the ground, that the proof of the loss of the paper was not satisfactory.

The plaintiff then gave evidence, tending to prove that he was brought into this state by the defendants by force and against his will. And the defendants gave evidence, tending to prove that the plaintiff came from Canada to Troy

ORLEANS,
March,
1838.

Allen
v.
Parkhurst &
Fuller.

in pursuance of an amicable arrangement between the parties, for the purpose of settling their difficulties and without any force or improper influence.

The court charged the jury, that the plaintiff having proved an arrest by an officer in Canada upon a warrant issued there, the warrant must be taken, in the absence of proof to the contrary, to be a valid warrant and that it would justify the original arrest; but that it would not justify the defendants in bringing the plaintiff into this state; that if they found that the plaintiff was brought into the state by force and against his will or was induced to come by threats or menaces, producing a reasonable fear for his personal safety, they would find for the plaintiff. But if he came voluntarily and not in consequence of such threats or menaces, they would find for the defendants;—that the intentions of the defendants to avail themselves of the arrest in order to bring the plaintiff forcibly into the state, if such intent existed, was unimportant, unless such intent was carried into effect by violence or threats. The jury returned a verdict for the defendants and the plaintiff excepted.

*J. Mattocks,* and *C. Story,* for plaintiff.

1. Fuller was bound to show the warrant a legal one. Neither the law of nations, nor the comity of nations, requires that we should extend a greater indulgence to the process of a foreign tribunal than our own. Fuller should have produced the warrant or proved its contents, upon which the court could have judged of its validity. But to presume, without such production or proof, that the warrant was legal and sufficient, would be an excess of judicial civilty, even to a *queen.* On the production of the warrant all proper and liberal intendments could have been made, but if it had appeared that the warrant, on the face of it, purported to have been issued on a charge of theft in Vermont, it would have been held void.

2. If the defendants procured the plaintiff to be arrested in Canada on a warrant, legal on the face of it, *with intent* to bring him to Vermont, they would be liable.

3. The action is as transitory as locomotion itself, and has been so held, a hundred times, in the courts of this state.

*Maeck & Smalley,* for defendants.

The first point in this case, presented by the bill of excep-

tions, was purely a question of fact, and fairly submitted to the jury, who found in favor of the defendants. Here ends the case as to the defendant, Parkhurst, for there is no pretence that he had any connection with the Canadian warrant.

ORLEANS,
March,
1838.
———
Allen
v.
Parkhurst &
Fuller.

Upon the second point, the finding of the jury has fully negatived any force on the part of Fuller.

This part of the case, then, presents itself in three different aspects.

1. If all that is charged upon it be true, would it constitute a legal cause of action? We think not. The informer, in a public prosecution, cannot be held responsible for the acts of the public officers thereon. He is only responsible for his own illegal acts. If the warrant was regular, it will not be pretended that Fuller could be charged because he requested it to issue. It is not like the case of an arrest upon a private suit. In such case, the process *belongs* to the party, and *he* can *control* it, but over this, Fuller had no control whatever, after he had informed. *Parsons* v. *Loyd*, 3 Wilson, 341. *Barker* v. *Braham & Norwood*, Ib. 368. *Tichout* v. *Cilley*, 3 Vt. 415. These cases are all placed upon the ground, that the plaintiff, being a party to the record, can control the suit, and is therefore liable.

Here, Fuller requested the magistrate to do a legal act, and if he, under that request, did an illegal one, Fuller is not liable. Saund. P. & E. 453, and cases there cited. *McManus* v. *Crickett*, 1 East, 106. *Middleton* v. *Fowler*, 1 Salk. 282.

2. If there was a legal cause of action against Fuller, for procuring the warrant in Canada, we insist that it cannot be prosecuted here.

This part of the case rests upon the claim for false imprisonment, in a foreign government, under a process from the courts of that government. It is, and *must*, be laid to be against the peace. 1 Chitty, 376. *Mostyn* v. *Fabrigas*, 1 Cowp. 161. Saund. P. E. 442. Here, if there was any breach of the peace, it was of the King of Great Britain, not of the state of Vermont.

The courts of this country refuse to sustain actions of this

ORLEANS,
*March,*
1838.

Allen
*v.*
Parkhurst &
Fuller.

kind, because they are against public policy.  *Gardiner*
v. *Thomas*, 14 Johns. 134.  1 Conn. R. 543.

3. If the action on this point can be maintained in our
courts, the warrant should, for the defendant, Fuller, be a
sufficient justification.  The same evidence of the plaintiff,
that connects Fuller with the arrest, proves it to have been
under legal process, which must be taken to be regular, till
the contrary be proved.

The act of the defendant, Fuller, in relation to the warrant,
is, *prima facie*, a legal one; and it is only when the act would,
at common law, *prima facie*, appear to be a trespass, that it is
necessary to justify.  Saund. P. & E. 448, and cases there
cited.  2 Camp. 476.  1 Chitty, 442.  3 Camp. 257.  11
Mass. 653.  7 Cowen, 35.

Another exception is to the decision of the court as to
the loss of the warrant.  That is entirely a matter of discre-
tion in the court below, and not of exception or error in this
court.  *Janes', admr.* v. *Martin et al.* 7 Vt. R. 92.

The fourth exception is frivolous.  It is for a tribunal
higher than this, to judge of and punish a criminal intent,
unaccompanied by acts.  If the *gravamen* is, that Fuller
maliciously, and without probable cause, procured the war-
rant, case and not trespass is the remedy.  *Beatty* v. *Per-
kins*, 6 Wend. 382.

The opinion of the Court was delivered by

COLLAMER, J.—If the plaintiff proved either count in his dec-
laration, against either defendant, he was entitled to a verdict.
The rules of evidence and pleading are in strict accordance and
consistency, and constitute a *system* the symmetry of which, in
the action of trespass, has not been destroyed by any modern
relaxations or exceptions in the science of special pleading.
The party is bound to prove what he alleges, so far as the
same is denied, and he is neither bound, nor *permitted* to
prove more.

In the first count, the plaintiff alleges a forcible arrest and
imprisonment by the defendants *in Canada*.  To this the de-
fendants do not *demur*, but deny the fact, by plead-
ing, *not guilty*.  This issue the jury are sworn to try, and
most clearly if the plaintiff proved the fact, against either de-
fendant, he was entitled to a verdict.  If its being in *Cana-*

*da* deprived the plaintiff of an action *here*, the defendants should have demurred or moved in arrest, after verdict ; for the *declaration* alleged that it took place in Canada.

In the action of trespass the general issue is, in law, what it actually purports to be, on the face of it—a *denial* of the facts stated in the declaration. It requires the plaintiff, sub= stantially, to prove these facts and it *permits* the defendant simply to contradict and disprove these facts, and it permits *no more.* If the defendant has any matter of justification or excuse, he must *specially plead* it or he cannot be permit= ted to prove it or insist upon it, if it casually appears. Among the matters required by law to be specially pleaded, in order to be insisted on as a defence, is *arrest on process.* "In " trespass to persons, *son assault demesne, moderate correc=* " *tion,molliter manus imposuit* to preserve the peace or " *under civil process*, either mesne or final, of superior or " inferior or *foreign courts*, must be *pleaded specially* ; for " whoever imprisons another must justify himself *by pleading* " and show specially to the court that the imprisonment was " lawful : this is a positive rule of law." 1 Chitty Plea. 492, " where the process is legal they, the defendants, *must plead* " *their justification specially* ; for, unless a justification be " shown,a trespass has been committed." 3 Stark. Ev. 1447, 1 Saund. R. 298 note 1. 2 East's. R. 260. Co. Litt. 283, a.

In this case the plaintiff proved, by evidence not objected to, that the defendant Fuller procured a warrant from a mag= istrate, who *issued it at his request*, and on this the plaintiff was imprisoned. Now this was not merely *entering com= plaint*, with or without cause. It was by a substantive act and request procuring the plaintiff to be arrested. This, then, proved against Fuller all the plaintiff had alleged in the first count of his declaration and entitled him to a verdict against Fuller, whether the warrant was *legal* or *illegal* ; as no justification under that process was pleaded and none could be insisted on. We, therefore, think the county court erred in charging the jury, that under the general issue, the warrant *would justify the original arrest.*

Judgment reversed.

REDFIELD, J. having been of counsel in this case,did not sit.

ORLEANS,
*March,*
1838.

Allen
*v.*
Parkhurst &
Fuller,

ORLEANS,
March,
1838.

Allen
v.
Parkhurst &
Fuller.

On inquiry by D. A. Smalley whether the application to amend the pleadings should be made here or to the county court, the court replied that it should be made to the county court.