Onion *v.* Fullerton.

## ALFRED ONION *v.* NATHANIEL FULLERTON.

When the testimony offered and admitted in the court below was objected to, and the question presented upon the bill of exceptions is whether the testimony tended to support the declaration, the supreme court will not examine into the sufficiency of the declaration, but will affirm the judgment, if the testimony was pertinent to the issue.

A declaration in account, which alleges that the defendant was bailiff of the plaintiff of certain property, and which shows that the parties were joint tenants of the property, is sustained by evidence tending to show a joint ownership of the property, and that the defendant has received more than his share of the avails of the property; and this evidence, upon the issue whether the defendant was bailiff and receiver, will entitle the plaintiff to a verdict.

ACCOUNT. It was alleged in the declaration that the defendant, from the first day of January, 1835, to the first day of January, 1839, was the bailiff of the plaintiff, and had the care, &c., of a large amount of property belonging to the plaintiff and defendant, to use, improve, and dispose of for the common benefit of the plaintiff and defendant, and to render a reasonable account therefor to the plaintiff, and that the defendant, during the said time, received divers large sums of money to make profit thereof for the use of the plaintiff and defendant, and thereof to render a reasonable account to the plaintiff, upon demand; and that the defendant, though requested, had never rendered any account to the plaintiff. The defendant pleaded that he was never bailiff or receiver, as alleged in the declaration, and upon this plea issue was joined, which was tried by the jury.

On the trial the plaintiff proved that one Clark was the owner of certain stage coaches, horses, &c., and run a stage on the mail route from Chester to Rutland, and that, becoming embarrassed in his pecuniary affairs, he put the property into the hands of these parties, under a contract, by which they were to hold the property, and run the stage, and carry on the business in their own names, and, when opportunity occurred, to sell the same, and, after paying themselves from the receipts and avails for all they had paid out in the business, to pay over the balance to Clark; that these parties did take the property, and run the stage for a time, and then sold the

property; and that the plaintiff paid out several hundred dollars more than he received, and more than the defendant paid out, and that the defendant received several hundred dollars more than he paid out.

The court directed the jury, that, upon these facts, the plaintiff was entitled to a verdict; to which decision the defendant excepted. Exceptions were also taken, by the defendant, to the report of the auditors appointed in the case, which exceptions were subsequently waived.

*D. Kellogg* and *L. Adams* for defendant.

The declaration is *sui generis*. Neither the relation of joint tenants, tenants in common, or copartners, is alleged; and yet some kind of mutual or joint interest in the property would seem to be intended. It cannot be regarded as an action upon the statute, as some material allegations are wanting. *Brinsmaid* v. *Mayo*, 9 Vt. 31. It can only be regarded as an action at common law, and to be supported (if at all,) on common law principles; and if so, we say the evidence, for that purpose, was wholly insufficient; 3 Hill 59; *Wilkins* v. *Burton*, 5 Vt. 76.

If the transactions between Clark and these parties shall be viewed as legal, then it appears that the plaintiff and defendant were the *joint bailiffs* of Clark, and liable to account to him. And it is insisted that one joint bailiff, or agent, cannot sustain account against his co-bailiff; 1 Bac. Ab. 17. (A.) 13 Vt. 517.

No contract, whatever, was shown between these parties, in relation to the property, in respect of which an account is claimed; and, as this action is always founded on a privity of contract, or estate, and will not lie against a wrong doer, it follows that the proof is not sufficient; 9 Vt. 31.

*N. Richardson* for plaintiff.

1. It appears, from the case stated in the bill of exceptions, that the plaintiff and defendant held the property as tenants in common, and that the defendant had received several hundred dollars more of the avails, than the plaintiff; and hence the action of account well lies to adjust the difference. 1 Swift's Dig. 580–582. *Albee* v. *Fairbanks*, 10 Vt. 314. 1 Binn. 191. 2 Caine 293. 12 Johns. 402. 3 Day 377. 7 Conn. 95, 35 E. C. L. 114.

---

Adams *v.* Fox.

---

2. They received the property jointly, and were jointly liable to Clark, and whatever sums either of them paid, or received, were for their joint benefit; and no doubt it was good accounting, before the auditors, for the defendant to show that he had paid the avails to Clark, after the plaintiff had received the full amount of his disbursements, but not before.

The opinion of the court was delivered by

WILLIAMS, Ch. J. In this case the exceptions to the report of the auditors are waived. The only question, which remains, is as to the exceptions taken at the trial. There is no demurrer to the declaration, and no motion in arrest, and our inquiry must be, whether the proof supports the declaration;—and, in our opinion, it does.

In the declaration it is stated that the defendant was bailiff of the plaintiff of certain property; but it is farther to be learned from the declaration, that the parties were tenants in common of the property mentioned; and it is very similar to a form given in Wentworth's Pleadings. The evidence tended to show the joint ownership, and that the defendant had received more than he paid, and more than his share; and, on the issue formed, this, we think, entitled the plaintiff to a verdict, as it proved directly the allegations in the declaration.

Whether the declaration would have been good, if demurred to, we are not called on to say. The county court would not have been justified in testing the sufficiency of the declaration, on the trial of the issue formed. The judgment of the county court is therefore affirmed.