### LEWIS M. WALKER *v.* WILLIAM A. HITCHCOCK.

Under a declaration in ejectment, in the statute form, which charges the defendant with having taken the whole profits of the premises to himself during the time laid in the declaration, the plaintiff cannot, with a view to increase his claim for *mesne* profits, give evidence of such acts of trespass, as arose from the wanton misconduct of the defendant, and which injured the intrinsic value of the premises, without any benefit resulting therefrom to the defendant; and consequently a judgment in favor of the plaintiff, in an action of ejectment, is no bar to a subsequent action of trespass for such wanton acts of the defendant, though committed by him while the action of ejectment was still pending.

In actions of trespass to real, as well as personal property, matters in discharge of the action must be specially pleaded; and although the matter, which the defendant claims should operate as a bar to the action, may be given in evidence by the plaintiff, still the defendant cannot take advantage of it, as a bar, under the general issue. BENNETT, J.

TRESPASS *quare clausum fregit.* The plaintiff alleged, in his declaration, that the defendant, on the fourteenth day of June, 1841, and on divers days and times between that day and the time of commencing this suit, (which was brought to the April Term, 1844, of Rutland county court,) entered the close of the plaintiff, and broke open a messuage thereon, and broke to pieces and destroyed the doors, locks, staples, hinges and windows belonging thereto, and pulled down the shelves and counter then affixed thereto, and tore up the marble floor and steps thereof, and pulled down and destroyed the walls thereof, &c. Plea, the general issue, and trial by the court, April Term, 1845,—WILLIAMS, Ch. J., presiding.

On trial, the plaintiff, to sustain the issue upon his part, gave in evidence a copy of the record of a judgment in favor of the plaintiff against the defendant and others, in an action of ejectment for the same close and messuage, in which the plaintiff declared in the statute form, alleging the eviction to have been on the fourteenth of June, 1841, and that the defendants, from that time to the commencement of that suit had taken the "whole profits" to themselves; and it appeared, that the plaintiff recovered judgment in that suit for the seisin and possession of the premises at the April Term, 1843, of Rutland county court, and that the suit was then continued for the assessment of damages, and that at the September Term, 1843,

the plaintiff recovered judgment for $192,46 damages. The plaintiff also gave evidence to show that the trespasses complained of in this action were committed by the defendant in July, 1843, and that upon the assessment of damages in the action of ejectment no evidence was given as to these acts of trespass.

The county court thereupon decided, that the judgment in the action of ejectment was a bar to the present action; and that, as it appeared from the plaintiff's evidence, that that judgment was rendered subsequent to the acts of trespass complained, and that the defendant was then in possession and the plaintiff not in possession, it was not necessary for the defendant to plead the former recovery in bar, but that he might avail himself of it under the general issue; and judgment was rendered in favor of the defendant. Exceptions by plaintiff.

*Thrall & Pond* for plaintiff.

1. It is provided by statute,—Rev. St. c. 35, § 4,—that "in every action of ejectment, if judgment be rendered for the plaintiff, he shall recover as well his damages, as the seisin and possession of the premises." The word "*damages*," as there used, should be construed as comprehending merely those damages, which were formerly recovered by a party in an action of trespass for *mesne* profits. That action lay, at common law, against the tenant in possession of the premises, after a recovery in ejectment. The judgment in ejectment settled the title; and the action of trespass for *mesne* profits lay to recover the damages, which resulted as a consequence from the original tortious entry and *ouster* and the tortious occupancy of the premises. 3 Bl. Com. 204. Runnington on Ej. 154. *Aslin* v. *Parkin*, 2 Burr. 668. *Goodtitle* v. *Tombs*, 3 Wils. 120. 2 Phil. Ev. 314. By our statute the legislature intended to abolish the action of trespass for *mesne* profits, and authorize the plaintiffs in such actions to recover their damages,—that is, the damages included in the trespass complained of,—at the same time that they recovered possession of the premises. This is shown by the form given for the writ of ejectment. At common law the declaration in ejectment contained an allegation, that the defendant, with force and arms, entered upon the premises and ejected the plaintiff therefrom, &c. 3 Bl. Com., Appendix, No. 2. In the declaration for *mesne* profits

the plaintiff declared, that the defendant expelled and amoved him from the premises, &c., and during that time had taken and received, to the use of the defendant, all the issues and profits, &c. 2 Chit. Pl. 389. The form given in our statute substantially includes the allegations in both these actions, and nothing more. Rev. St. 485.

This court has uniformly regarded this statute as merely dispensing with the common law action of trespass for mesne profits. *Atkinson* v. *Burt*, 1 Aik. 329. *Burton* v. *Austin et al.*, 4 Vt. 105. *Smith* v. *Benson*, 9 Vt. 142. *Strong* v. *Garfield*, 10 Vt. 502. *Brinsmaid* v. *Mayo*, 9 Vt. 34. *Lampson* v. *Sutherland et al.*, 13 Vt. 315. And this being so, the judgment in the action of ejectment is no bar to an action of trespass on the freehold for injury done to the premises. 2 Chit. Pl. 390. Cow. & H. Notes to Phil. Ev., Part 2, p. 850.

2. But if the judgment was a bar to this action, it should have been specially pleaded. 1 Chit. Pl. 496. *Bird* v. *Randall*, 3 Burr. 1323. *Austin* v. *Norris*, 11 Vt. 38.

*Ormsbee & Edgerton* for defendant.

1. If the plaintiff had ever any cause of action for the injury complained of in his declaration, it ceased upon the recovery in the action of ejectment. The statute of this state,—Rev. St., c. 35, § 4,—supersedes the action of trespass for *mesne* profits; and as the damages in that action were recovered to the time of the recovery in ejectment, our practice has been to give damages in ejectment to the same time and for the same things. *Brinsmaid* v. *Mayo*, 9 Vt. 34. Story's Pl. 15, 66. *Waste*, as well as annual rent, is recoverable in the action of trespass for *mesne* profits, and, consequently, with us, in the action of ejectment. 1 Chit. Pl. 222, 225, 226. 2 Ib. 870, n. (*h.*) 3 Wils. 121. *Hughes* v. *Thomas*, 13 East 485. If the plaintiff omit to prove the waste, or any other damage, in his action of ejectment, he waives it, and cannot afterwards make it the subject of another action. *Strong* v. *Garfield*, 10 Vt. 502.

2. It was not necessary to plead the recovery in ejectment in the present case. 1 Stark. Ev. 206, 207. *Isaacs* v. *Clark*, 12 Vt. 692.

The opinion of the court was delivered by

BENNETT, J.   The county court held, that the record in the action of ejectment was a bar to this action, and that, the plaintiff having given it in evidence, it would avail the defendant, as a bar, under the general issue.   We are now called upon to revise the decision of the county court.

Our statute provides, that in an action of ejectment the plaintiff shall recover, as well his damages, as the seizin and possession of the premises; though in England the plaintiff recovers only his land, and may, in a subsequent action of trespass, recover for his *mesne* profits.   Whatever is derived from the *use* and *occupancy* of the land, while it is tortiously withheld from the owner, should be considered as occasioned by the trespass included in the ejectment, and may and indeed *must be,* under our statute, included in the damages recovered in the action of ejectment.   If, in such case, but nominal damages are assessed, still there can be no second action to recover the *mesne* profits.

In the present suit, the plaintiff does not seek to recover for any thing derived from the *use* of the land, but for such wanton acts of trespass, as would, in fact, constitute waste, and would not, even with the most liberal use of language, come under the idea of *mesne* profits.   In England, in the action of trespass for *mesne* profits, the plaintiff will not be entitled to recover for any injury done to the premises in consequence of the misconduct of the defendant, unless such facts are specially alleged in the declaration.   2. Steph. N. P. 1494.   The form of the declaration, given by our statute, which the plaintiff has adopted in this case, charges the defendant with having *expelled* the plaintiff from the premisses, *taking the whole profits to himself.*   Upon such a declaration, the plaintiff should not be allowed to give in evidence, on the trial of the ejectment, such acts of trespass, as arose from the wanton misconduct of the defendant, with a view to increase his claim for *mesne profits,* and which injured the intrinsic value of the premises, without any benefit resulting from them to the defendant.   The same reason, which requires such facts to be specially alleged in a declaration in trespass for *mesne* profits at the common law, would equally apply to a declaration in ejectment under our statute, in a case in which damages are claimed to be recovered for such acts.   Without it, the defendant

would be equally subject to surprise in the one case, as in the other. We apprehend, that it was not the intention of the legislature to bar any claim for damages, by a proceeding in ejectment, which could not appropriately be given in evidence under the statute form of the declaration,—simply charging the defendant *with the taking of the whole of the profits to himself*.

The plaintiff, in this case, had judgment to recover the seisin and possession of the premises, before the trespasses complained of had been committed. All that remained to be done was, to assess the damages. We think, upon principle, that the damages must have been confined to such claims, as would come under the denomination o f *mesne profits*.

The only wrong, charged in the declaration to the defendant, is the eviction of the plaintiff and *the taking of the entire profits to his own use*. It is difficult to see, how the proceedings in ejectment can bar a right of action for a wanton destruction of the premises. The term *damages*, in the statute, should be confined to the subject matter, then under consideration; which was the providing a remedy for the eviction and the damages consequent upon it. The damages now sued for cannot be said to be consequent upon the eviction, but arose from subsequent tortious acts, destructive of the premises, and disconnected with the original trespass, and with the cause of action adjudicated upon in the first suit.

In this view, the plaintiff's present claim can not be barred by the former judgment. I am not aware, that this view of the subject is opposed to principle, or to any adjudged case; and it is necessary, in order to protect the rights of the present parties.

In regard to the manner, in which the defendant should have availed himself of the record, in case it constituted a bar to this action, it is not necessary to decide. It may, however, with safety be said, that, in actions for trespass to real as well as personal property, matters in discharge of the action must be specially pleaded,—as in the case of a release, or a former recovery. 1 Chit. Pl. 496. *Bird* v. *Randall*, 3 Burr. 1353. This, as a general rule of law, is admitted; but it is claimed, that, as the plaintiff gave the record in evidence to show a title in himself to the lands described in the present declaration, the defendant may claim the benefit of such evidence as a bar to the action, without pleading it. No authority has been

produced, to show, that, in such a case, the special plea may be dispensed with; and I can discover no reason, why it should be.   The plea of not guilty is, in law, simply a denial of the facts stated in the declaration; and every cause is to be tried and decided upon the issue joined between the parties; and the evidence is to be received and applied only as it bears upon the issue which the parties have seen fit to join.   I think the case of *Allen* v. *Parkhurst et al.*, 10 Vt. 557, is conclusive of this question;—but still, as we hold that the former recovery could have been no bar, if properly pleaded, we have no occasion to decide the question now under consideration.

Whether the plaintiff had such a possession, as would enable him to maintain this action, is quite another question.   It might, perhaps, be claimed, that if the plaintiff had been let into possession, under his judgment, by the consent of the defendant, or had been put into possession under a writ of possession, he should be considered as in of his first estate.   The decision of the court below upon the effect of the record put an end to the case, and rendered all farther showing as to possession of no avail, if necessary to entitle the plaintiff to a recovery.

We think the county court erred, in the effect which they gave to the record in the action of ejectment.   The result is, the judgment of the county court is reversed, and the cause remanded for trial.