## GALUSHA J. BUNDY v. LUKE BUZZELL.

### Evidence.

Assumpsit on a promissory note against one from whom the note came to plaintiff for value with defendant's name indorsed thereon. The declaration charged defendant in three counts as indorser, guarantor, and surety. There was evidence tending to show that defendant was guarantor ; and plaintiff testified that he gave defendant notice of demand and non-payment, which defendant denied. Plaintiff offered to prove that after the note fell due, defendant promised to pay it, but the evidence was excluded. *Held*, that the evidence tended to show that defendant conceded that he had been legally charged as indorser, or that he was guarantor by the original undertaking, or that he had waived notice, and that its exclusion was therefore erroneous.

ASSUMPSIT in three counts against the defendant as indorser, as guarantor, and as surety on a promissory note for $650.65, dated January 1, 1873, signed by O. F. & C. W. Russell, payable to the order of the defendant at Lyndon National Bank, April 21, 1873. Plea, general issue, and trial by jury, June Term, 1878, Caledonia County, Ross, J., presiding.

The plaintiff's testimony tended to show that he received the note, indorsed by the defendant, in payment of the sum due from G. K. & W. L. Russell on a mortgage ; that on the day the note fell due he presented it at the bank where it was payable and demanded payment and received the answer, " No funds "; and that on the same day in the forenoon he gave the defendant personal notice of the demand and the non-payment of the note. The plaintiff was quite positive that he made the demand and gave notice thereof on the day the note fell due, but there was some slight evidence tending to show that they might have been made and given on the last of the three days grace. No question was made as to the sufficiency of the notice if given. In course of the examination the plaintiff's counsel asked him if the defendant did not promise to pay the note after it fell due, and afterwards when the defendant was on the stand, proposed to ask him the same question ; but the question was objected to, and ruled

out by the court on the ground that no special promise of that kind was declared on ; to which the plaintiff excepted.

It appeared that the property covered by the plaintiff's mortgage was subject to a prior mortgage that had been foreclosed ; that the defendant, who also had a claim on the property, had purchased the decree of foreclosure for the makers of the note ; and that, the plaintiff being about to foreclose his mortgage, the note in question was given to prevent the foreclosure. George W. Cahoon, to whom was entrusted the matter of the negotiation of the mortgage note for the note in suit, testified to having called to see the defendant in regard to the surrendering of the mortgage note and the taking of a note signed by the makers of the note in question and the defendant. The plaintiff then offered to show by the witness that the defendant then told him he wanted the Russells to sign the note ; that he then understood that the defendant was to sign as surety ; that he understood the defendant had property put into his hands for signing ; and that when the note was handed to him it was not such a note as he expected. The testimony was excluded ; to which the plaintiff excepted.

There was evidence tending to show that when the defendant wrote his name on the back of the note nothing was said indicating the capacity in which he did it, but it did not appear to whom the mortgage note was given—whether to the Russells or to the defendant. The testimony of Russell and the defendant tended to prove that as between them the defendant was an accommodation indorser ; and the defendant denied having had notice of demand and non-payment at maturity, and introduced evidence tending to show that no notice was given.

There were other points of exception, but as they are not material to the point decided, they are not stated.

Special verdict for the defendant.

*George W Cahoon* and *Elisha May*, for the plaintiff.

The exclusion of the testimony relative to the defendant's subsequent promise was erroneous. The consequences of a neglect to give notice of non-payment may be waived. A subsequent promise to pay is a waiver. Chit. Bills, 533 ; *Hopes* v. *Alder*,

6 East. 16 ; *Givens* v. *National Bank*, 5 Reporter, 301 ; Lords RAYMOND and ELLENBOROUGH in *Lundie* v. *Robertson*, 7 East, 231 ; *Bank of United States* v. *Lyman*, 20 Vt. 666, 679 ; Edw. Bills, 651 *et seq. ; Blodgett* v. *Durgin*, 32 Vt. 361 ; *Hopkinson* v. *Liswell*, 12 Mass. 52 ; *Pierson* v. *Hooker*, 3 Johns. 68 ; *Taylor* v. *Jones*, 2 Camp. 105.

*H. C. Bates*, for the defendant.

The issue was, did the defendant in fact have notice. The plaintiff made no claim of waiver of demand and notice. So the only question decided was whether such subsequent special promise was declared on. The exclusion of the testimony was therefore no error.

Proof of a mere admission of liability by an indorser is not sufficient to charge him. *Tichenor* v. *Roberts*, 17 La. 14.

Nor will proof of a promise, unless it appear that the promise was made with knowledge of the facts and on consideration. Chit. Bills, 343 ; 2 Greenl. Ev. s. 196 ; *Miller* v. *Hackley*, 5 Johns. 375 ; *Griffin* v. *Goff*, 12 Johns. 423 ; *May* v. *Coffin*, 4 Mass. 541 ; *Warder* v. *Tucker*, 7 Mass. 449 ; *Freeman* v. *Boynton*, 7 Mass. 483 ; *Godsend* v. *Salem Bank*, 9 Mass. 408 ; *Jones* v. *Savage*, 6 Wend. 658.

The opinion of the court was delivered by

REDFIELD, J. The note was made payable to the order of the defendant. He wrote his name upon the back of the note and delivered it to plaintiff in payment of his mortgage. The declaration charges the defendant as indorser, guarantor, and surety, in distinct counts. *Prima facie* he is *indorser*. There was evidence tending to show that defendant was also guarantor of the note. The defendant denied all knowledge of demand and notice of dishonor, which plaintiff claimed to have proved.

The plaintiff offered to prove that, after the note became due, the defendant admitted his liability and expressly promised to pay the note, which was refused by the court. This, we think, was error. This testimony tended to show that defendant conceded that he had been legally charged as indorser, or that by the orig-

inal undertaking he became guarantor of the note, or that he had waived notice. *Bank of United States* v. *Lyman*, 20 Vt. 666, 679; *Blodgett* v. *Durgin*, 32 Vt. 361; *Lundie* v. *Robertson*, 7 East, 231.

II. We are inclined to think that the testimony of Cahoon, or some part of it, should have been received. He was the attorney of the plaintiff to negotiate this business; he was to surrender the plaintiff's mortgage note in exchange for the note of the two Russells, signed by the defendant; and he says the defendant *told* him that " the Russells were to sign the note, and he *understood* that Buzzell was to sign as surety." If this language means that witness understood Buzzell *to say* that he was " to sign the note as surety," then we think the evidence was admissible, as tending to show that the defendant's undertaking was absolute, and without condition. But as the case is to be tried anew, we have no occasion to discuss this matter further.

*Judgment reversed, and case remanded.*