# H. P. SEYMOUR v. A. O. BRAINERD.

JANUARY TERM, 1894.

*Amended declaration.    Waiver of right to move to dismiss.*
*Protest.    Evidence of notice.*

1. An amended declaration takes effect as of the date when the suit is brought.

2. By pleading to a new count, a party waives his right to move to dismiss it upon the ground that it is for a new cause of action.

3. A party cannot, by changing his pleadings under county court rule nine, nullify the effect of such a waiver.

4. A pleader cannot prove that it was his intention that a plea which, by its terms, applies to the whole declaration, should apply to only a part.

5. The protest of a note is admissible against an endorser to show presentment, although it does not indicate that notice was sent the defendant.

6. Part payment by an endorser upon a note past due is evidence that he had notice of protest.

7. *Held*, that the evidence tended to support the finding of the court that the payment was made upon the note in suit, and not upon another of the same amount, and that the court properly considered the fact that the note in suit was due at the time of the payment, while the other was not.

8. That the defendant directed the custodian of certain bonds, turned out to him by the maker as security for endorsing the note in suit and another of like amount, to apply the proceeds of said bonds to the payment of these notes, after they had fallen due, also tends to show notice.

Assumpsit.    Heard at the April term, 1893, Franklin county, THOMPSON, J., presiding.    The original declaration

was general assumpsit.  At the April term, 1891, the plaintiff filed an amended declaration consisting of two counts and the common counts.  The first one of these counts was upon a promissory note dated March 19, 1883, for the sum of ten thousand dollars, payable to the order of Aldis O. Brainerd, the defendant, signed by one Bradley Barlow and endorsed by the said defendant to the plaintiff. The defendant moved to dismiss the first count of said amended declaration for the reason that it brought upon the record a new cause of action.  This motion to dismiss was first heard by the court, which found the following facts :

September 27, 1883, the plaintiff brought an action of assumpsit against the defendant, declaring specially upon the note described in the first count of the amended declaration. Said suit was returnable to the April term of the Franklin County Court, 1884, and was duly served and entered at that term, when it was continued until the September term, 1884, at which term it was discontinued by the plaintiff.

The suit at bar was commenced January 18, 1884, and was returnable to and entered at the April term, 1884.  At the time this suit was commenced the plaintiff did not intend to include in it the note described in the first count of the amended declaration, but then intended to prosecute the first suit so that he might realize as much as possible from the property attached in that suit.  Subsequently the plaintiff ascertained that his attachment in the first suit was not available and accordingly discontinued that suit, upon the understanding and expectation that he could include the note mentioned in the first count of the amended declaration in the last suit, which was in general assumpsit.

December 22, 1892, the motion to dismiss and certain pleas in bar were filed by the defendant.  The defendant's attorney handed the motion to dismiss and the pleas in bar to the clerk at the same time, with instructions to file the

motion first and the pleas afterwards, and they were so filed.

November 29, 1892, the defendant filed a plea of the statute of limitations to the first count of the amended declaration. The defendant offered evidence tending to prove that it was the intention of the defendant that the pleas in bar, filed December 22, should not apply to the first count of the amended declaration, but the court excluded the evidence as tending to show that the intention of the pleader was other than as expressed by the pleas, to which ruling the defendant excepted. The pleas by their terms were to the whole declaration.

The court held that the filing of the plea of the statute of limitations to the first count of the amended declaration, November 29, and the filing of the pleas in bar, December 22, to the same count, by the defendant, were a waiver of his right to move to dismiss said count, as introducing a new cause of action, and overruled said motion to dismiss. To this the defendant excepted.

Thereupon the case was tried by the court upon its merits, which found, among others, the following facts:

The plaintiff claimed to recover the amount of two promissory notes, one dated March 19, 1883, signed by Bradley Barlow, and payable to the order of A. O. Brainerd, the defendant, in six months from date, at the Suffolk National Bank, in Boston, Massachuseits, which note was endorsed by A. O. Brainerd and Lawrence Brainerd.

The plaintiff also claimed to recover the amount due on another promissory note for a like sum, dated July 19, 1883, signed by Bradley Barlow, payable to the order of L. Brainerd, four months from date, at the said Suffolk National Bank, and endorsed by L. Brainerd and A. O. Brainerd.

The court found that both of said notes were presented for payment at their maturity at said bank; that payment

was demanded and refused for want of funds, and that they were duly protested for non-payment, and notice of such protest for non-payment duly given to the defendant, A. O. Brainerd, who was an accommodation endorser of said notes.

In the determination of said questions the court received, under the objection and exception of the defendant, the following testimony :

1. The court received the official protest of the note dated March 19, 1883. This protest showed that the note was presented for payment at its maturity, demand made and payment refused. It further recited that the notary had officially notified the first and second endorsers, being A. O. Brainerd, the defendant, and Lawrence Brainerd, by mail, enclosed to H. P. Seymour, Esq., at St. Albans, Vt.

2. As tending to show that the defendant received actual notice of this protest, the court considered the following endorsement upon the back of the note :

" A. O. Brainerd paid on the within note $700, by way of purchase lands, Canada, October 8, 1883. Brainerd holds my agrement to this effect for the above sum to be endorsed.                                            H. P. SEYMOUR."

The agreement above referred to was as follows :

" I hereby agree to apply the sum of $700 either on a note signed and due me of $2,000 by A. O. Brainerd, or upon a note signed by B. Barlow, endorsed by L. Brainerd and A. O. Brainerd which was made payable at Suffolk National Bank, Boston, now in said Seymour's possession. The above sum, $700, being for note due said Brainerd in part for his one-half undivided interest in deed Canada lands at Sutton this day ; $700 to be endorsed as above as of this date, and this receipt to be given up upon such endorsement.

Witness my hand and seal,   H. P. SEYMOUR.   [L. s.]
Sutton Flats, C. E., P. Q., Oct. 1, 1883.
                    Attest,        J. B. A. Bathalon, N. P."

L. Brainerd and Lawrence Brainerd are one and the same person, and his name and the name of A. O. Brain-

erd appear as endorsers upon the two notes in the order stated in the description of each of said notes. The defendant claimed that, by the terms of said receipt it should have been endorsed upon the note dated July 19, 1883, instead of upon the note dated March 19, 1883.

At the time said receipt of October 1, 1883, was executed and delivered, the note dated March 19, 1883, was due and payable, while the note dated July 19, 1883, was not due and the defendant had not become liable thereon as endorser. From these circumstances the court found, as a matter of fact, that the note referred to in said receipt as signed by B. Barlow and endorsed by L. Brainerd and A. O. Brainerd, was the note dated March 19, 1883, and that the endorsement was therefore properly made on that note.

3. As further tending to show notice to the defendant, the court considered the following facts :

At the time defendant signed said notes for the accommodation of the said Barlow, Barlow turned out to him as security bonds of a certain railway in Canada, of the par value of forty thousand dollars. Said bonds were at that time in the custody of the Vermont National Bank, St. Albans, Vt., of which the said Barlow was president. Said bank subsequently went into liquidation and one Hendee became its receiver. November 28, 1883, after both the notes had become due and had been protested for non-payment, the defendant executed and delivered to Seymour a written order directing the said Hendee to pay over to the said Seymour, to be applied on these notes, whatever might be realized from the sale of said bonds.

The said Hendee, as receiver, claimed that at the time Barlow attempted to turn out said bonds to the defendant as collateral, the bonds were in fact in the possession of the Vermont National Bank and owned by it ; and this claim of the receiver was sustained in subsequent litigation in reference to said bonds.

*Ballard & Burleson* and *Rustedt & Locklin* for the defendant.

The defendant's motion to dismiss the first count in the new declaration should have been sustained. *Boyd* v. *Bartlett*, 36 Vt. 10.

An accommodation endorser is entitled to strict notice. *National Bank* v. *Lewis*, 50 Vt. 622; *Bank* v. *Wallace*, 36 Am. Dec. 694.

If a waiver or new promise is relied upon, it must be shown that it was made by the endorser with full knowledge of the fact that he was discharged. *Bogart* v. *McClung*, 27 Am. Rep. 737; *National Bank* v. *Lewis*, 50 Vt. 622; *Crain* v. *Colwell*, 8 Johns (N. Y.) 384; *Treasurer* v. *O'Brien*, 38 Iowa 406; *Hunter* v. *Hook*, 64 Barb. 469; *Richard* v. *Ballou*, 51 Howard 371.

*Wilson & Hall* for the plaintiff.

The new declaration related back to the beginning of the suit. *Dana* v. *McClure*, 39 Vt. 197.

The defendant, by pleading to the merits of the new declaration, waived his right to move a dismissal of the first count. *Blodgett* v. *Skinner*, 15 Vt. 716; *Luce* v. *Hoisington*, 56 Vt. 436; *Sherman* v. *Johnson*, 58 Vt. 40.

Payment by an endorser after maturity is evidence tending to show notice to him of dishonor and protest. *Bundy* v. *Buzzell*, 51 Vt. 128; *Blodgett* v. *Durgin*, 32 Vt. 361.

The order on Hendee, receiver, to apply the proceeds of the bonds turned out as collateral for the payment of those notes, was also evidence tending to show notice. *Nash* v. *Harrington*, 1 Aik. 39; *Bank of U. S.* v. *Lyman*, 20 Vt. 666; Byles, Bills, 456; Pars., Bills and Notes, 621-624, note p. 623.

ROSS, C. J.    I.   The amended declaration took effect

as of the time when the suit was brought. *Dana* v. *Mc-Clure*, 39 Vt. 197. On demurrer by the plaintiff, the court correctly adjudged the defendant's plea of the statute of limitations to the first count of the amended declaration insufficient. The defendant insists that the court should have entertained his motion to dismiss this count because it brought upon the record a new cause of action. Before filing this motion he had waived his right to have this count of the amended declaration dismissed, by pleading the statute of limitations thereto. *Blodgett* v. *Skinner*, 15 Vt. 716; *Luce* v. *Hoisington*, 56 Vt. 436; *Sherman* v. *Johnson*, 58 Vt. 40. Changing and amending his pleadings, under court rule nine, did not remove the waiver effected by pleading the statute of limitations. The case having been continued at the term at which he filed his plea of the statute of limitations, court rule nine gave him the right to change and amend his pleadings within thirty days after the continuance. By the rule he could have such changed or amended pleadings filed and stand for consideration without obtaining leave from the court. But the rule does not profess to determine the legal effect of such changed or amended pleadings. The legal effect of such change, or amendment is to be determined by the court from the substance of the respective pleas, and the order and time in which they were filed. Such change or amendment did not nullify a waiver already created by his pleadings on file. On this ground his motion to dismiss was properly denied.

II. The court did not err in refusing the testimony offered to show the intention of the defendant's attorney in filing the pleas as he did. His pleas, placed on file, were to be given their legal effect. The pleader's intention was to be ascertained from what they contained and the order in which they were filed. They were not necessarily to be given the legal effect intended by the pleader. If such were the case, before answering, every repliant must, *ex necessi-*

*tate*, inquire and ascertain the intention and purpose of the pleader in filing his pleas. Such practice never prevailed, and never could be tolerated. Pleas must be held to stand for consideration upon their substance and legal effect, when taken up in the order in which they were filed, and not upon the legal effect which the pleader intended to have given to them.

III. The court allowed the protest of the note of March 19, 1883, to be received in evidence to show due presentment, demand and non-payment of the note. To this extent it was clearly admissible. From other evidence considered in connection with this, it found notice thereof to the defendant. The protest showed that the notice to the defendant was sent by mail to the plaintiff. Why this was done is not shown. It may have been that the notary did not know the post-office address of the defendant, or the plaintiff may have directed the notary so to send the notice to him, the plaintiff intending to deliver it in person to the defendant, who lived near him in the same village. On this note, under the date of October 1, 1883, there is an endorsement of a payment made by the defendant. Such payment, if made to be applied on this note, was evidence tending to show that the defendant's liability upon the note had become fixed by due protest and notice thereof to the defendant. *Sandie* v. *Robertson*, 7 East. 231 ; *Blodgett* v. *Durgin*, 32 Vt. 361 ; *Bundy* v. *Buzzell*, 51 Vt. 128 ; *Bank of United States* v. *Lyman*, 20 Vt. 666, 679. In the last named case it is said :

" It has often been held that part payment, a promise to pay, or an acknowledgement of liability, by an endorser, after the note becomes due, is *prima facie* evidence, not only of notice, but of presentment."

It is contended by the defendant that this payment was not made to be applied on this note. It was made in Canada, and the plaintiff gave the defendant a receipt stating

that it was to be applied on a note in the plaintiff's possession, of the same amount as this note, made by the same maker, and having the same endorsers, but named in the reverse order, and with only the initial letter of the first name of the other indorser.   He claims it was to be endorsed on another note by the same maker, of the same amount, with the same endorsers, and with the initial letter of the other endorser's first name, as stated in the receipt.   Manifestly the note was not present when the payment was made, for, had it been present, the endorsement would have been made and no receipt would have been given.   Under such circumstances reversing the order of the names of the endorsers and using the initial letter for the full first name of one might reasonably occur.   We should not expect full, entire accuracy of description in every particular.   The notes bore different dates.   The date of the note on which the payment was to be applied is not stated in the receipt. This note had fallen due and the other had not when the receipt was given.   Under these circumstances the receipt does not fully determine on which note the payment is to be applied.   In determining this fact we think the county court could properly consider whether the payment was made to be applied upon a note which was due, or on one which had not fallen due, and on which the defendant's liability, as an accommodation endorser, had not become fixed.   This note had fallen due but a few days previously and been presented for payment.   The testimony of the defendant was to the effect that he thought he was notified of the protest of this note, but he could not tell when.   He did not in terms deny that the notice was seasonably given.   The fact that this note was due and had been presented for payment, and that the other note was not then due, and the defendant's liability thereon had not become fixed, in connection with the defendant's testimony, had a tendency to show that the endorsement was properly applied, and could be considered

as tending to show that the defendant was duly and season-ably notified of the protest of the note. , Nor does the fact that, four days prior, a suit had been brought on this note and the property of the defendant, as was then supposed, attached thereon, remove but rather add to the force of the fact that this note was due when this receipt was given, and the other one not due. The bringing of the suit so soon after this note fell due, against the defendant, is only recon-cilable with the idea that the plaintiff then understood that the defendant's conditional liability on this note had been made absolute by seasonable notice of its protest.

The defendant urges that this note was then supposed by the plaintiff to be fully secured by attachment of the defend-ant's property, and hence it would be more reasonable to conclude that the plaintiff was demanding payment on the undue note. It is not found that the plaintiff supposed, when he gave the receipt, that this note was fully secured by attachment of property. It is found that the attachment was of no avail. Hence these facts, if they modify, do not take away the force of the fact that this note was due and the other not due.

We also think that the order, turning out to the plaintiff, at a later date, the railroad bonds in the hands of Mr. Hendee, with directions to apply whatever was received therefrom in payment of both of these notes, was evidence tending to show that the notes had been duly protested, and the defendant duly notified thereof. The defendant under-stood that the maker of the two notes had turned out to him these bonds to secure him against his liability as endorser of the notes. On this understanding the defendant had the right to use the bonds and the avails received therefrom to discharge such liability. But if his liability as endorser had not become fixed, and the defendant did not understand that he was holden for the payment of the notes, he had no

right, against the maker of the notes, the owner of the bonds, to use the bonds to discharge a liability which he did not understand existed. It is not probable that he would undertake to control the bonds, which he then understood had been conditionally placed in his hands by the maker — and apply the proceeds to be received therefrom to the payment of these notes — unless he knew or understood that his liability to pay the notes had become fixed. Hence, the defendant's act, in attempting to control and apply these bonds and the avails to be received therefrom, to the payment of these notes was an acknowledgement, or had a tendency to show an acknowledgement, of a subsisting liability resting upon him to pay the notes.

The order given by the defendant to the plaintiff in regard to the bonds and the avails to be received therefrom was, therefore, properly received in evidence and considered on this point. The court, not having received and considered any inadmissible testimony, and only testimony having a tendency to establish that the defendant was duly notified of the presentment, demand and non-payment of the note in controversy, the finding of due notice therefrom by it cannot be disturbed. If it were a question of waiver of a right by the defendant, it is correctly urged that it must be shown that the party against whom the waiver is to operate understood his legal rights in the premises. But this testimony was received and considered upon the question of whether the defendant had been seasonably notified of the due presentment, demand and non-payment of this note. He testified that he thought at some time he received notice of its protest. The testimony, received and considered, bore upon whether his acts and conduct, in matters related to his liability upon the note, showed that he received such notice seasonably. They had a tendency in that direction. It was competent for the court to find therefrom that he was

duly and seasonably notified of the protest of the note in controversy.

*Judgment affirmed.*