## EMMA F. REYNOLDS

v.

## KIMBALL CHYNOWETH.

### June Term, 1895.

*Waiver by pleading. Letting upon shares. Assumpsit. Husband and wife. Agency. Witness.*

1. By pleading to a new count a party waives his right to move to dismiss the same as being for a different cause of action.

2. Any testimony may be introduced upon a trial which is pertinent to the issues joined.

3. That the plaintiff has let the defendant a farm upon shares is a good consideration for a promise, upon his part, to carry the same on in a good and husbandlike manner.

4. In such case the plaintiff may maintain assumpsit for a breach of that promise.

5. It being found that the husband acted as the agent of the plaintiff in the letting of the farm and in looking after it in her behalf during the continuance of the lease, he may testify to the manner in which it was carried on, and the amount of the damage which accrued to the plaintiff by reason of the poor husbandry of the defendant.

Assumpsit. Plea, the general issue. Trial by jury at the June term, 1895, Orange county, Rowell, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

It appeared that in May, 1894, the defendant took the

mowing and tillage land upon the plaintiff's farm to carry on upon shares and that he had occupied the same for the season under that arrangement. The plaintiff claimed that under said contract the defendant was bound to carry on the land in a good and husbandlike manner, that he had not done so, that in consequence the value of the land had been depreciated and the plaintiff had not received what she ought for her share. The evidence of the defendant tended to show the contrary.

The case was appealed from the judgment of a justice. Upon the trial before him the plaintiff sought to recover upon the common counts only. In the county court the plaintiff filed a special count, and upon the trial in that court waived the common counts and relied only upon the special count. The defendant objected to the introduction of any evidence under this count, for the reason that it was for a new cause of action, and further objected that assumpsit would not lie between the parties since they were tenants in common. The court ruled that the defendant, by pleading the general issue to the special count, had waived his right to object that it was for a new cause of action, and held that any testimony pertinent to the issue joined was admissible.

At the close of the testimony the defendant again moved for a verdict in his favor, for that assumpsit would not lie. This motion the court also overruled. To the above rulings the defendants excepted.

The court found, as a preliminary question, that the plaintiff's husband acted as her agent both in the making of the contract with the defendant and also in the general management and oversight of the farm during the time in question. Thereupon, against the exception of the defendant, the husband was permitted to testify as to the particulars in which the farm was not carried on in a husbandlike manner,

and as to the nature and amount of damage which thereby accrued to the plaintiff.

The special count was as follows:

"In a further plea of the case, for that the defendant on the first day of May, A. D. 1894, at said Vershire, was tenant, on shares, of the mowing and tillage lands of a certain farm and lands situate in said Vershire, owned and occupied by said plaintiff, and in consideration thereof. he, the defendant, then and there undertook and promised the plaintiff to manage, use and cultivate said mowing and tillage lands during said tenancy, in a good and husbandlike manner. And the plaintiff says that the defendant was and continued tenant, on shares, to the plaintiff, of said mowing and tillage lands from the time of his making said promise and undertaking until the first day of October, A. D. 1894; yet the defendant, not regarding his said promise and undertaking, but contriving and intending to wrong the plaintiff, did not, during the continuancy of said tenancy, manage, use and cultivate the said mowing and tillage lands in a good and husbandlike manner, in this, that the said defendant did not cut and make into hay a large quantity of grass, standing and growing thereon; and the defendant did not properly hoe and cultivate the corn and potatoes growing on said tillage lands, during said tenancy; and did not take care of and protect said potatoes from being destroyed by insects—all of which, the plaintiff avers, is contrary to good husbandry, and also contrary to said promise and undertaking of the defendant; by means whereof the said mowing field and tillage lands became and were greatly impoverished, and rendered less productive than they otherwise would have been; and the plaintiff did not, during said tenancy, receive for her share as much hay, corn and potatoes as she otherwise would and ought to have had and received."

*John W. Gordon* for the defendant.

No evidence should have been received under the second count. *Brodek & Co.* v. *Hirschfield*, 57 Vt. 12; *Carpenter* v. *Gookin*, 2 Vt. 495; *Dewey* v. *Nicholas*, 44 Vt. 24; *Stevenson* v. *Mudgett*, 34 Am. Dec. 155 and note; *McDer-*

*mid* v. *Tinkam et al.*, 53 Vt. 915; *Waterman* v. *Conn. &
Pass. R. R. Co.*, 30 Vt. 610; *Sumner* v. *Brown*, 34 Vt.
194; *Saville et al.* v. *Welch*, 58 Vt. 683; *Dunham* v.
*Powers*, 42 Vt. 1; *Kimmis* v. *Stiles*, 44 Vt. 351; Vt. St.,
s. 1154.

By pleading the general issue the defendant did not lose
his right to object that this count was for a new cause of
action. This objection might be taken even after verdict
upon motion in arrest. *Brodek & Co.* v. *Hirschfield,
supra*; *Carpenter* v. *Gookin, supra*; *Green et al.* v.
*Starr*, 52 Vt. 426; *Merritt* v. *Dearth*, 48 Vt. 65.

The parties were tenants in common and assumpsit would
not lie. *Aiken et al.* v. *Smith*, 21 Vt. 172; *Warner* v.
*Hoisington*, 42 Vt. 94; Freeman, Coten. and Part., s. 94;
*Bernal* v. *Hovious*, 79 Am. Dec. 147; *Peck* v. *Carpenter,
supra*; *Wiswall* v. *Wilkins*, 5 Vt. 87; *Hayden* v. *Merrill*,
44 Vt. 336; *Shepherd* v. *Richards*, 2 Gray 424; *Dickinson*
v. *Williams*, 11 Cush. 258.

The declaration does not disclose a cause of action. *Hay-
den* v. *Merrill*, 44 Vt. 341; *Chambers* v. *Chambers*, 3
Hawk. 232; Freeman, Coten. and Part., s. 284.

*Darling & Darling* for the plaintiff.

By pleading the defendant has waived his right to object
that the special count is for a new cause of action. *Peck* v.
*Smith*, 3 Vt. 265; *Way* v. *Wakefield*, 7 Vt. 223; *Blodgett*
v. *Skinner*, 15 Vt. 716; *Bachop* v. *Hill*, 54 Vt. 507; *Luce*
v. *Hoisington*, 56 Vt. 436; *Sherman* v. *Johnson*, 58 Vt.
40; *Seymour* v. *Brainard*, 66 Vt. 320.

It appearing that the husband of the plaintiff was her
agent in the management of this farm during the time that
the defendant was in possession of it under his contract, the
testimony of the husband was properly admitted as to every-
thing which transpired touching upon the subject matter of

that agency during its continuance.   *Cavendish* v.  *Troy*, 41
Vt. 108 ; *Bates* v.  *Sharon*, 45 Vt. 474 ; *Fulsom* v.  *Concord*, 46
Vt.  135 ;  *Stone* v.  *Tupper*, 58 Vt.  409 ; *Knight.* v.  *Smith*,
57 Vt. 529 ; *Evarts* v.  *Middlebury*, 53 Vt.  628 ;  *Kelley* v.
*Kelley*, 63 Vt.  41 ; *Maughan* v.  *Burns' Est.*, 64 Vt. 316.

The parties were not tenants in common and assumpsit
may be maintained.   *Bond* v. *Hays, Exr.*, 12 Mass.  34 ;
*Wilby* v.  *Phinny, Admr.*, 15 Mass. 121 ;  *Cilley's Admr.* v.
*Tenny*, 31 Vt. 401.

TAFT, J.   By pleading to the new count the defendant
waived his right to move to dismiss it upon the ground that
it was for a new cause of action.   *Seymour* v.  *Brainard,*
66 Vt. 320.

The court ruled it was competent to introduce any testi-
mony pertinent to the issue joined.   That this ruling was
correct see *Barney* v.  *Bliss*, 2 Aik.  60 ;  *Wheelock* v.
*Wheelock*, 5 Vt.  433 ;  *Allen* v.  *Parkhurst*, 10 Vt.  557 ;
*Onion* v.  *Fullerton*, 17 Vt.  359 ;  *Briggs* v.  *Mason*, 31 Vt.
433 ;  *Carpenter* v.  *Welch*, 40 Vt. 251.

A good consideration is alleged in the special count.
The bare relation of landlord and tenant was a sufficient
consideration for the promises laid.   *Powley* v.  *Walker*, 5
Term 373.

The count has all the elements of a declaration in con-
tract.   An allegation of the consideration, the promises, a
breach, and the resulting damages.   The tenancy was of a
letting upon shares and that the plaintiff can maintain as-
sumpsit was decided in *Lapoint* v.  *Scott*, 36 Vt. 309,
which in its facts is analogous to the case at bar.

The plaintiff's husband was her agent in making the lease
of the land and in the general management, control and
oversight of it.   All the matters to which he testified, under
objection, had reference to the very matters within the scope

of his agency.   No question is now made as to the testimony of the witness, Rowell.

The foregoing holdings cover all the questions raised under the motions, to order a verdict, to set it aside, and in arrest, and all made by the defendant's brief.

*Judgment affirmed.*